## MARY FRIEDMAN *vs.* ANNIE VOGEL.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Where the plaintiff claimed that the defendant held realty by a conveyance from a former owner under a resulting trust for her benefit, arising from an alleged agreement between herself and the defendant for the ultimate conveyance of the premises to her by the defendant, the plaintiff's rights under a bond for a deed of the premises to her from the former owner were not involved in the issues in the case; and claims of law respecting such rights were properly disregarded by the trial court.

The court found that one F acted as real-estate broker for the former owner of the property; that he procured the defendant, his sister, to purchase it; that under pretense of the defendant's necessary absence he caused the bond for a deed to be signed by the plaintiff; that he was acting throughout the transaction as the defendant's agent; that thereafter he conspired with the plaintiff to assert the existence of the alleged agreement which was the foundation of

the suit; and that throughout the trial the plaintiff claimed that he had acted as her agent with reference to the transfer of the property. *Held* that under the circumstances testimony as to F's acts and representations in the matter was relevant, and that the court acted with reasonable discretion in admitting it.

Argued January 19th—decided March 8th, 1922.

ACTION for equitable relief to compel the defendant to execute and deliver to the plaintiff a deed of certain real estate upon payment to her of a sum of money, brought to and tried by the Superior Court in New Haven County, *Banks, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*Jacob Caplan,* for the appellee (defendant).

BURPEE, J.  In the complaint in this action the plaintiff alleged that she "held a bond for a deed from one Leonardo Barraco for the conveyance to the plaintiff " of a certain piece of land; that desiring to borrow the purchase money from the defendant, "the plaintiff agreed with the defendant to have the deed of conveyance from said Barraco made directly to the defendant as security for said money," and the defendant agreed that whenever the borrowed money had been repaid to her she would convey the property to the plaintiff. She further alleged that she in fact borrowed the necessary money from the defendant under this agreement, and herself paid the entire consideration for the deed of conveyance and caused it to be made directly from Barraco to the defendant for security; and that her subsequent tender to the defendant of the borrowed money and interest, and her demand for a deed of the property, the defendant had refused.  All these allegations the defendant denied.

After the trial the court found the issues for the defendant, and made a finding of facts. No request to correct this finding has been included in this appeal; hence the facts set out therein are considered as the facts proved. Among them it plainly appears that the defendant bought and paid for the property described, for herself, and had no connection with the plaintiff in the transaction; that the agreement between the parties alleged in the complaint had "no legitimate foundation for its support in the evidence "; and that "the plaintiff furnished no portion of the purchase price of said property." These facts made the conclusion of the court inevitable and unquestionable.

The claims of law and the arguments advanced by the plaintiff's counsel are based on an unjustifiable misinterpretation of the pleadings and the facts. It was recited in the complaint and proved that the plaintiff "held" a certain written agreement called "a bond for a deed," and upon the trial it was claimed that this contract was "pleaded as the foundation of the action." This claim is not supported by reasonable interpretation of the complaint, in which the allegations evidently were not adapted to present such a theory of the plaintiff's cause of action. On the contrary, a particular agreement between the plaintiff and the defendant is set forth as the basis of the action, and thereon the claim is set up that the plaintiff was the real purchaser of the property and that the defendant held the title in a resulting trust for her benefit; and for these reasons she asks, by way of equitable relief, that the court compel the defendant to perform her part of this specified agreement by conveying the property to her. It was because she failed to prove that this particular agreement had been made that she did not establish the foundation of her claim for redress.

All the claims of law made by the plaintiff during

the trial were expressly placed upon rights which she pretended to have acquired under the so-called bond for a deed, and which were not involved in the real issues in the case. They were properly overruled.

The assignments of error relating to rulings on evidence must be considered in the light of the facts before the trial court. It is stated in the finding that a man named Flauman was the real-estate broker employed by the owner to sell the property described, and that he had persuaded the defendant, who is his sister, to become the purchaser. It is also stated that Flauman carried on all the negotiations of the sale as the defendant's agent, and that after she had taken possession of the property he continued to act for her in its care and management. It appeared to the court that Flauman drew up the bond for a deed and caused it to be signed by the plaintiff under the pretense that the defendant, the real purchaser, could not be present at the moment; and that Flauman withheld from the defendant any knowledge of this bond or that it had been signed by the plaintiff. After the defendant had put Flauman in charge of the property, she accused him of dishonesty in accounting for the rents, and discharged him. The court finds that thereupon Flauman conspired with the plaintiff to assert the claim that the defendant had made with her the agreement alleged in the complaint and had refused to carry it out; and then Flauman caused this action to be brought upon that fictitious basis. Finally the finding states that throughout the trial the plaintiff claimed that Flauman was acting as her agent in arranging for the transfer of the property and in its care and management.

Flauman was presented by the plaintiff as a witness, and gave his testimony about the making of the bond for a deed, his taking possession of the property for the plaintiff, and other matters supporting the plaintiff's

case. In the circumstances which surrounded him, Flauman's motives and honesty would seem to be doubtful, and his duplicity unquestionable. Therefore his testimony should be scrutinized closely, and tested by comparison with the testimony of other witnesses. What Flauman actually did and said would greatly aid the trial court in reaching its conclusion concerning the facts and the dependent rights of the parties. The record shows that of the twenty-six rulings on testimony which are assigned as errors in this appeal, twenty related to questions or answers concerning Flauman's conduct or statements made by him or in his presence. Among these, were rulings made during the examination of Mr. Nathanson, a lawyer employed by the defendant and produced by her as a witness. He was asked to tell of a conversation he had with Flauman, Barraco and the defendant, in which Flauman directed the witness to search the title of the property in question and to prepare a warranty deed from Barraco to the defendant. Plaintiff's counsel excepted to the admission of these questions and answers, and moved to strike them out "as incompetent, irrelevant," and on the ground that it did not appear that Flauman had authority to say anything that would affect the plaintiff's title. These exceptions, in view of the plaintiff's persistent claim that Flauman was her agent in arranging the transfer of the property, and having in mind her allegation in the complaint that she had agreed that the deed should be made directly to the defendant, do not seem sensible. Similar exceptions were taken to testimony of this witness as to parts of the same conversation concerning the mortgages and taxes on the property, a memorandum purporting to show these items, the collection of rents by Flauman, and the amount of notes and mortgages given in part payment of the purchase price.

Remembering Flauman's real or claimed relations to each of the three parties interested in this transaction, the court acted with reasonable discretion in admitting this evidence. And the same is true concerning the testimony of other witnesses relating to representations made by Flauman.

The defendant presented Barraco, the original owner of the property, as her witness; and he testified that Flauman gave him $100 as a deposit and told him that the defendant would pay him the balance when the transfer was completed. To this the plaintiff's counsel entered objections and exceptions, which for the reasons already indicated were futile.

Some of the questions put by the plaintiff's counsel were excluded because they were leading, but he made no attempt to put the inquiries again in an unobjectionable form. Hence no basis was laid for exceptions.

Other exceptions taken and pursued in this appeal related to questions which elicited from the witnesses nothing but explicit answers that they knew nothing or did not remember anything about the matters referred to.

None of the rulings complained of was unfairly harmful to the plaintiff's case. Her interests were not protected or aided by any of the objections made during the trial, which seem to have been interposed without proper regard for the issues raised in the case and for the relations of the parties and the witnesses, and sometimes without respect for the established rules which govern the introduction of evidence. None of the exceptions to these rulings furnished sufficient reason for an appeal.

There is no error.

In this opinion the other judges concurred.