EVA HULK *v.* EDWIN AISHBERG.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 3—decided February 7, 1940.

*Robert P. Butler,* with whom was *Paul Volpe,* for the appellant (plaintiff).

*M. J. Blumenfeld,* with whom, on the brief, was *DeLancey Pelgrift,* for the appellee (defendant).

BROWN, J.   On January 21, 1938, the plaintiff, who was a tenant of a third floor apartment in the defendant's building at the corner of Zion and Arnold Streets in Hartford, fell and was injured on the common stairway of which the defendant retained control, by reason of ice thereon. At the trial the defendant conceded that he was negligent in permitting this condition, and the case was submitted to the jury solely upon the issues of the plaintiff's contributory negligence and of damages. The jury rendered a verdict for the plaintiff for $2800.   The plaintiff has appealed from the denial of her motion to set aside the verdict as inadequate and from the judgment.

The evidence shows that the plaintiff, a married woman thirty-seven years of age living with her family, suffered an injury to her right knee by this fall, necessitating an exploratory operation in March and a second operation in December, 1938, each involving two weeks of hospitalization, and that the total expense for treatment of her injury was $689.93. There was also evidence of loss of earnings of $10 per week, and some as to expense for a helper to do her housework.   It also appeared that she suffered pain and inconvenience, and that up to the time of trial in May, 1939, she had been unable fully to resume her usual duties and still had a partial incapacity of 15 per cent. in this knee.   Patently, the jury in addition

to determining, as was its right, the amount to which the plaintiff was entitled as special damages, awarded the substantial balance of its verdict as general damages for the injury. The law furnishes no precise or definite rule for the assessment of the latter damages, but it must depend largely upon the judgment of the trier in the particular case. *Samaha* v. *Mauro,* 104 Conn. 300, 302, 132 Atl. 455. The court correctly ruled that the verdict could not be set aside as inadequate.

The plaintiff claims that the court erred in failing properly to expound in its charge to the jury the rule as to general damages, in that it dealt with neither permanent disability nor future loss of earnings as potential elements of her damage. In its charge concerning general damages the court correctly instructed the jury to the effect that what they found to be fair and reasonable compensation should be awarded therefor, and sufficiently referred to and explained as elements thereof pain and suffering, loss of sleep, and operative scars upon her knee, and then concluded "the entire condition should be considered, and your damages should be compensatory for all the elements of injury which one has sustained." There were no requests to charge. Neither permanent disability nor future loss of earnings was referred to in the charge. Whether this omission constituted error is to be tested by the finding and by that alone. *Walters* v. *Hansen,* 99 Conn. 680, 682, 122 Atl. 564; *Porter* v. *Taylor,* 107 Conn. 68, 72, 139 Atl. 649; *Tuckel* v. *Hartford,* 118 Conn. 334, 336, 172 Atl. 222; *Tomlin* v. *Hukolo,* 124 Conn. 694, 695, 2 Atl. (2d) 223. As was conceded by her counsel in argument, the plaintiff's only claims of proof in the finding pertinent as to her future disability, are that "at the time of the trial the plaintiff had not sufficiently recovered from her injuries to be able to perform all of her household duties without assist-

ance and further she had not yet resumed her outside gainful employment," and that at that time she "still suffered a partial disability in the injured knee amounting to 15%." In the absence of any facts as to even the probable continuation of this disability, no basis other than speculation was afforded for the jury's determination of its duration. The claimed facts therefore were insufficient to justify, much less to require, a specific charge by the court upon either permanent disability, or upon future loss of earnings, as an element of damage. Nor are the negative claims of proof of the defendant relating to the future condition or disability of the plaintiff's knee such that resort to them can provide the missing essential. The charge was correct in law and adequate for the proper direction of the jury. The court, therefore, did not err in its charge to the jury. *Massi* v. *General Ice Cream Corp.,* 120 Conn. 259, 264, 180 Atl. 455.

Upon the redirect examination of a doctor produced in chief as a witness by the plaintiff, her counsel asked this question: ". . . in your opinion will that right knee ever be as good again as it was before these injuries?" Upon the defendant's objection the court excluded the question. Suggesting, as it did, an answer in accord with the examiner's version upon this material issue, rather than calling for an expression of the witness' opinion concerning it phrased in his own words, this was a leading question. 3 Jones, Evidence (4th Ed.) § 816; 2 Wigmore, Evidence (2d Ed.) § 772; 28 R. C. L. 592, § 183. Whether the trial judge shall permit the asking of leading questions upon redirect examination is within his discretion. *Wright* v. *Blakeslee,* 102 Conn. 162, 168, 128 Atl. 113; *Stratford* v. *Sanford,* 9 Conn. 275, 284. A leading question excluded can always be replaced by a proper one. *Allen* v. *Hartford Fire Ins. Co.,* 72 Conn. 693, 697, 45 Atl.

955. When a question has been excluded because it was leading and no attempt is made to put the inquiry again in an unobjectionable form, error cannot be predicated upon the court's ruling. *Friedman* v. *Vogel,* 97 Conn. 293, 298, 116 Atl. 330. This question was not again put in proper form. In the same connection the question: "Will it ever again have the same range of use?" was excluded by the court on the ground that it had already been covered in the direct examination. There being nothing in the record to show what that examination was, the court's ruling cannot be held erroneous. The same is true, and for the same reason, of this further question excluded by the court pursuant to the defendant's objection that it was not proper redirect examination: "Assuming that Mrs. Hulk testified that she still suffers pain in that knee from various causes, how long in your opinion will she continue to suffer pain in that knee, basing it upon your knowledge of the condition of the knee after those two operations?"

There is no error.

In this opinion the other judges concurred.