THOMAS J. BOLAND *v.* MERRITT D. VANDERBILT

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued November 4—decided December 22, 1953

*David M. Reilly, Jr.,* for the appellant (defendant).

*Louis Feinmark,* with whom was *Irving Smirnoff,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff sued the defendant for damages for injuries received in a collision of their

automobiles. The defendant denied the plaintiff's allegations of negligence and charged that the plaintiff was guilty of contributory negligence. The jury returned a verdict for the plaintiff and the defendant has appealed from the judgment entered thereon, assigning errors in the charge and in a ruling on the admissibility of evidence.

The plaintiff's claims of proof on the issue of negligence and contributory negligence were that he was proceeding northerly on Forest Road in New Haven early in the morning of November 16, 1949, when he was in collision with the defendant at the intersection of Forest Road and Edgewood Way, and that the defendant, who was proceeding easterly, failed to grant him the right of way. The defendant claimed to have proved that he had entered the intersection ahead of the plaintiff, that he assumed, as he had a right to do, that he could cross safely ahead of the plaintiff, and that therefore he had the right of way.

The defendant alleges error in certain instructions to the jury and in the refusal of certain requests to charge. A charge must be "correct in law, adapted to the issues and sufficient for the guidance of the jury." Maltbie, Conn. App. Proc., § 48; *Doe* v. *Saracyn Corporation,* 138 Conn. 69, 75, 82 A.2d 811. The charge as given met this test. The court did not adopt the language of the defendant's requests, but that is not necessary. *Hoffberg* v. *Epstein,* 130 Conn. 613, 615, 36 A.2d 388. The defendant's requests relating to the question of liability were adequately and properly covered.

The parties were mainly at issue on the question of damages. As to this, the claims of proof of the plaintiff were, generally, that he had "blacked out" after the crash, that he had received strains, bruises and contusions, and that, in addition, he had suffered

a cerebral thrombosis on December 3, 1949, which was the result of the injuries sustained in the accident. The defendant avers that the court erred in charging the jury that they might compensate the plaintiff for permanent injury or physical impairment, for future pain and suffering, and for loss of earning capacity. The court specifically cautioned the jury that compensation for these was not a matter of guesswork or speculation but must be based upon results which would reasonably and probably flow from the injuries the plaintiff received at the time of the accident. The defendant claims that there was no evidence to support any award for these elements of damage. At the time of the trial, two and a half years after the accident, the plaintiff's left arm was almost completely paralyzed, he walked with great difficulty, he suffered constant buzzing in his head, headaches and dizzy spells, he had to be driven about to do his customary work, and he was earning less than he had previously. He was before the jury and several of his injuries were of such a nature as to be readily apparent. Speaking broadly, the jury had the opportunity to appraise his condition and the probable future consequences of it. The circumstances of this case clearly distinguish it from *Hulk* v. *Aishberg,* 126 Conn. 360, 11 A.2d 380, relied upon by the defendant. In that case the plaintiff sought a recovery for a knee injury which had required surgical treatment and was of such a nature that the extent and probable duration of future disability by reason of it could not have been ascertained by the jury without the aid of testimony upon that element of damage. Under the circumstances, the instruction in question was proper.

The defendant also complains because the court charged that the plaintiff might recover full com-

pensation for his injuries even though they were more serious by reason of his pre-existing physical condition than they would otherwise have been. This charge was proper under the circumstances. The plaintiff was claiming, on the one hand, that the injuries he sustained caused a cerebral thrombosis which completely disabled him. The defendant asserted, on the other, that the plaintiff was suffering from arteriosclerosis at the time of the accident and that it was the arteriosclerosis and not the accident which produced the thrombosis. If, as the defendant claimed, the plaintiff was suffering from arteriosclerosis, he would be entitled to recover for the effect of the injuries on him as a person suffering from arteriosclerosis, even though their effect might be more serious than in the case of a normal person. *Mourison* v. *Hansen,* 128 Conn. 62, 65, 20 A.2d 84; *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618, 629, 110 A. 63.

The defendant maintains that the plaintiff failed to establish any causal relation between the accident and the cerebral thrombosis suffered by him and that the court erred in submitting the matter of damages for the thrombosis to the jury. This question is raised in assignments of error on the charge as given, on the failure to grant certain requests to charge and on the admission of the answer to a hypothetical question designed to establish the causal relation. On this point, the claims of proof of the plaintiff were that he consulted an orthopedist the day following the accident for pains in his shoulder and back. The doctor found him to be suffering from strains, bruises and contusions and that he was very nervous and tense. Physiotherapy and sedation were prescribed. When the doctor discharged the plaintiff on December 1, 1949, he was

still tense and nervous, and he continued to remain so until he suffered a cerebral thrombosis on December 3, 1949. Before December 3, 1949, he had worked steadily as a canvasser and salesman. Since that date he has suffered from headaches, dizziness, paralysis and severe pains in his left leg and foot. The occurrence of a post-traumatic cerebral accident or thrombosis is recognized by medical science. There is a likely connection between the plaintiff's cerebral thrombosis and the automobile accident of November 16, 1949.

To be entitled to damages a plaintiff must establish a causal relation between the injury and the physical condition which he claims resulted from it. *Bates* v. *Carroll*, 99 Conn. 677, 679, 122 A. 562. This causal connection must rest upon more than surmise or conjecture. *Witkowski* v. *Goldberg*, 115 Conn. 693, 696, 163 A. 413; *Green* v. *Stone*, 119 Conn. 300, 306, 176 A. 123. A trier is not concerned with possibilities but with reasonable probabilities. *Richardson* v. *Pratt & Whitney Mfg. Co.*, 129 Conn. 669, 672, 30 A.2d 919. The causal relation between an injury and its later physical effects may be established by the direct opinion of a physician, by his deduction by the process of eliminating causes other than the traumatic agency, or by his opinion based upon a hypothetical question. *Bates* v. *Carroll*, supra, 679.

In the instant case, the attempt to establish the causal connection was by a hypothetical question and its answer. A medical expert testified that there was "a likely connection" between the injury and the cerebral thrombosis. Webster's New International Dictionary (2d Ed.) defines "likely," when used as an adjective, to mean "[o]f such a nature or so circumstanced as to render something probable . . . [a]ppearing like truth; seeming to justify belief,

conjecture, or expectation; probable; credible." As an adverb, the word means "[i]n all probability; probably." If we assume that the word was used in accordance with its accepted definition, the answer to the hypothetical question was to the effect that the injury was the probable cause of the thrombosis. This testimony, if the jury believed it, was sufficient to establish the necessary causal relation as a fact and not as a matter of conjecture. That being so, the court did not err in submitting this element of damages to the jury. *Johnson* v. *Connecticut Co.,* 85 Conn. 438, 441, 83 A. 530.

The defendant offered in evidence a case record of the Veterans Hospital at Rocky Hill covering a period when the plaintiff was a patient following the accident. The record stated that the plaintiff's cerebral thrombosis was caused by arteriosclerosis. The defendant requested a charge to the effect that this statement was to be given as much weight in the deliberations of the jury as though it had been adduced orally from witnesses. The court charged: "[Y]ou have had in this case presented to you evidence orally through the mouths of the witnesses; you have also had evidence presented to you through exhibits, photographs, medical reports, or, rather, hospital reports; all of that is evidence in the case, and it is for you to take all of the evidence into account." This was adequate and proper under the circumstances.

There is no error.

In this opinion the other judges concurred.