## Helene M. Trani *v.* Anchor Hocking Glass Corporation

Baldwin, O'Sullivan, Wynne, Daly and Devlin, Js.

Argued June 9—decided July 5, 1955

*William E. C. Bulkeley,* for the appellant (defendant).

*George Schwolsky,* for the appellee (plaintiff).

WYNNE, J. The plaintiff sought damages in this action for personal injuries. Her claim arose out of an occurrence which took place during her employment at the plant of the Silver Lane Pickle Company in East Hartford. She was engaged in packing pickles in glass jars. Incident to the process she would, as she used each jar, tap it on a table in order to have the pickles she had placed in the jar settle down for better packing. She claims that as she tapped a particular jar in this manner it exploded into tiny fragments and the palm of her hand was seriously cut. Her action is against the manufacturer of the jar, a corporation having its plant in Ohio. Several grounds of negligence were alleged. The defendant denied fault on its part and alleged that the plaintiff was negligent in the manner in which she handled the jar and that any injury she sustained was due to her own negligence. The issues were tried to a jury, who returned a verdict for the plaintiff. A motion to set aside the verdict was denied, and the case is before us on the defendant's appeal.

The assignments of error attack the finding in a single particular. We will first consider this. The paragraph in question was concerned only with the claim that the jury had the right to infer that the injury to the plaintiff "will last some time in the future." It was this speculative element, bearing upon the extent of plaintiff's injury, that is the basis for the attack upon the court's charge, in which error is also assigned. A finding in a case

tried to a jury is not a statement of facts which the court has found proven. Rather, it is a narrative of the facts claimed to have been proven by the parties, made for the purpose of presenting any claimed errors in the charge or rulings of the court. *Fierberg* v. *Whitcomb,* 119 Conn. 390, 392, 177 A. 135. It serves no useful purpose to seek corrections in the finding which would not make clearer the situation as related to the claimed errors. *Voronelis* v. *White Line Bus Corporation,* 123 Conn. 25, 27, 192 A. 265. Indeed, in the case before us, only the finding as made sufficiently presents the determinative issues as to the charge. We therefore have no need to consider further the correction sought.

The paragraphs in the court's charge which are attacked as erroneous bear exclusively on the jury's right to infer that the plaintiff's injury "will last some time into the future." Only that part of the charge as to damages is printed in the record. From this it appears that the court explained with meticulous care that the rule of damages is that the plaintiff is entitled to fair and just compensation. The court well said that the question is not a matter of speculation or of guesswork. The jury were told that they must be satisfied with a reasonable degree of certainty that the results for which they might attempt to compensate the plaintiff were reasonably probable. A charge must be "correct in law, adapted to the issues and sufficient for the guidance of the jury." Maltbie, Conn. App. Proc., § 48. Read as a whole, the charge as given met this test. *Boland* v. *Vanderbilt,* 140 Conn. 520, 522, 102 A.2d 362. The defendant makes the claim that there was no medical testimony upon which the jury could base an allowance of damages for future disability. The case differs from *Hulk* v. *Aishberg,* 126 Conn. 360, 11

A.2d 380, relied upon by the defendant. There, the plaintiff had a post-operative condition of the knee. Obviously, under those circumstances no one except an expert could have a reasonable and qualified opinion as to the probable future disability. The situation here was entirely different. The case was tried before the jury over four years after the occurrence. They saw the plaintiff. She testified that her hand at times ached. It was not improper for the jury to conclude that, if she still had disability four years after the occurrence, it might reasonably continue into the future. As was said in *Boland* v. *Vanderbilt,* supra, 523, the jury had the opportunity of appraising the condition and the probable future consequences of it.

The defendant also attacks the refusal to set aside the verdict, arguing that there was no evidence on the question of liability that the jury could have considered. Liability would have to be predicated on some negligence of the defendant as alleged in the complaint. A reference to the complaint shows that the claim was made that a jar being filled by the plaintiff exploded. The negligence of the defendant alleged was in selling a jar of defective material which was not safe for the purpose for which it would ordinarily be used, and in failing to warn the plaintiff that the jar might explode in the use to which it was put. On the issue of liability the plaintiff called as an expert witness Dr. Wilfred Roth. Part of his testimony is set forth in the appendix filed by the defendant. It appears from this testimony that a jar such as the one in question, if not properly annealed in the process of manufacture, would be likely to explode if subjected to an outside force not sufficient in the ordinary case to break a jar. The jury had before them the plain-

tiff's story that the jar exploded when it was submitted to the ordinary tap used in properly packing a jar.

The verdict of a jury should stand if they could reasonably have reached their conclusion. *Markee* v. *Turner,* 140 Conn. 701, 705, 103 A.2d 533. Furthermore, in reviewing a ruling of the trial court on a motion to set aside the verdict, we are concerned primarily with the question whether the court abused its discretion. *Brower* v. *Perkins,* 135 Conn. 675, 681, 68 A.2d 146; *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 A. 169. When the decision of the judge concurs with that of the jury, there is a strong argument for sustaining the action of the trial court. *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216. We cannot say that the court in the case before us abused its discretion in refusing to set the verdict aside.

There is no error.

In this opinion the other judges concurred.