ANN MARIE ROYSTON *v.* QUINETTE E. FACTOR
(2369)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued January 4—decision released April 24, 1984

*John F. Mulvihill,* for the appellant (defendant).

*Robert R. Sheldon,* with whom, on the brief, was *T. Paul Tremont,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals[1] from a judgment rendered after a hearing in damages awarding $21,000 to the plaintiff in an action for personal injuries. The issues on appeal are (1) whether the court erred in considering the continued disability and life expectancy of the plaintiff as factors in its award without explicit medical testimony as to permanency, and (2) whether the damages awarded were excessive.

The plaintiff's car was hit in the rear by the defendant's vehicle. The impact pushed the motor of the plaintiff's car which was located at its rear into the front seat. The driver's seat was broken and the doors were jammed. The plaintiff's injuries included a ligamentous and muscular sprain of the cervical spine, and multiple contusions. Her medical expenses were $1436.30,

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

her lost earnings $120, and necessary household help amounted to $500. The court found that she had a continuing need of medication and physical therapy.

The medical testimony was that the plaintiff had a markedly decreased range of motion of the cervical spine in all directions and that she had "a residual initial back injury," but that, as of the date of the trial two years after the accident, it was too soon to determine if there would be "permanent damage." The trial court, after noting that problems existed in estimating permanent disability, made its award based on the cost of the plaintiff's medical care and other expenses, pain and suffering, continued disability, and the plaintiff's life expectancy.

Compensation to the plaintiff properly included items which, with a reasonable degree of certainty, would exist in the future. *Trani* v. *Anchor Hocking Glass Corporation,* 142 Conn. 541, 544, 116 A.2d 167 (1955); *Boland* v. *Vanderbilt,* 140 Conn. 520, 523, 102 A.2d 362 (1953). The court had the opportunity to assess the testimony of the plaintiff and her doctor. It could properly conclude that if the disability still existed two years after the accident, it would in all probability continue. A trier of facts can conclude, by inference, that an injury will be permanent even though there is no medical testimony expressly substantiating permanency. See note, 18 A.L.R.3d 170, 183–84.

Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. The trier of fact must evaluate the elements of an award and place a monetary value on the whole. The court's award is not excessive or exhorbitant and in no way shocks a sense of justice. *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 461, 439 A.2d 408 (1981).

There is no error.