PATRONALA DIBBLE *v.* PAUL FERGUSON ET AL. (6299)

BORDEN, SPALLONE and FOTI, Js.

Argued April 6—decision released June 28, 1988

*David A. Zipfel,* with whom were *Vincent Trantolo* and, on the brief, *Joseph J. Trantolo, Jr.,* for the appellant (plaintiff).

*Lawrence L. Connelli,* for the appellees (defendants).

BORDEN, J. The plaintiff sought damages for physical and psychological injuries caused by the defendants' dog. The sole issue is whether the trial court erred in refusing to instruct the jury on drawing inferences as to the permanent nature of the plaintiff's injuries in the absence of medical testimony on the subject.[1] We conclude that the plaintiff was entitled to such an instruction, and find error.

The jury could reasonably have found the following facts. On various occasions in 1985 and early 1986, the defendants' dog harrassed and attacked the plaintiff on her property. As a result, the plaintiff suffered injury to her left leg. At the time of trial in July, 1987, she was still suffering swelling and pain in her leg. In addition, the incidents caused the plaintiff to experience mental distress. Furthermore, the plaintiff testified to her continuing fear of dog attacks and described herself as a "nervous wreck." The nature and source of these injuries was confirmed by the plaintiff's physicians, although these witnesses were precluded from specifically testifying with regard to the permanent nature of her injuries.

The plaintiff requested that the court instruct the jury that it was entitled to infer from the evidence that the

---

[1] In her preliminary statement of issues filed with this court, the plaintiff raised the following additional claim of error: "Did the trial court err in refusing [to allow] witnesses to testify as to permanent disability?" The plaintiff did not brief this issue, however. It is therefore considered to be abandoned. *Bartsch* v. *Planning & Zoning Commission,* 6 Conn. App. 686, 688 n.2, 506 A.2d 1093 (1986).

plaintiff's injuries were permanent.[2] The court refused to instruct the jury on this issue and gave no charge on permanency of injuries.

The jury returned a verdict in favor of the plaintiff in the amount of $909, reduced to $672.66 as a result of the plaintiff's negligence. After judgment was rendered on the verdict, the plaintiff appealed.

The plaintiff claims that the court erred because there was sufficient evidence for the jury to infer that her injuries were permanent, even though there was no expert medical testimony regarding the permanent nature of the injuries. We agree.

"A trier of facts can conclude, by inference, that an injury will be permanent even though there is no medical testimony expressly substantiating permanency." *Royston* v. *Factor,* 1 Conn. App. 576, 577, 474 A.2d 108 (per curiam), cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984). In *Boland* v. *Vanderbilt,* 140 Conn. 520, 102 A.2d 362 (1953), the plaintiff was injured in an automobile accident in which he had received strains, bruises, and contusions and suffered a cerebral thrombosis. In rejecting the defendant's claim that there was no evidence to support the trial court's instruction to the jury that it might compensate the plaintiff for permanent injury or physical impairment, for future pain and suffering, and for loss of earning capacity, our Supreme Court concluded that "[a]t the time of the trial, two and a half years after the accident, the plaintiff's left arm was almost completely paralyzed, he walked with great difficulty, he suffered constant buzz-

---

[2] The plaintiff submitted the following request to charge on the issue of permanency: "Ladies and Gentlemen, you as the trier of fact may draw inferences from facts that you have heard and I have discussed inference with you. You may draw an inference that the injuries the plaintiff has described as permanent and if you find that more probable than not they are permanent, then you may award her damages as you find fair, just and reasonable."

ing in his head, headaches and dizzy spells, he had to be driven about to do his customary work, and he was earning less that he had previously. He was before the jury and several of his injuries were of such a nature as to be readily apparent. Speaking broadly, the jury had the opportunity to appraise his condition and the probable future consequences of it." Id., 523.

Similarly, in *Trani* v. *Anchor Hocking Glass Corporation,* 142 Conn. 541, 116 A.2d 167 (1955), the defendant challenged the trial court's instruction permitting the jury to infer "that the plaintiff's injury 'will last some time into the future' " because "there was no medical testimony upon which the jury could base an allowance of damages for future disability." Id., 543. There, a glass jar exploded in the plaintiff's hand, severely cutting her palm. Our Supreme Court concluded that the challenged instruction was proper, reasoning as follows: "The case was tried before the jury over four years after the occurrence. They saw the plaintiff. She testified that her hand at times ached. It was not improper for the jury to conclude that, if she still had disability four years after the occurrence, it might reasonably continue into the future. As was said in *Boland* v. *Vanderbilt,* supra, 523, the jury had the opportunity of appraising the condition and the probable future consequences of it." *Trani* v. *Anchor Hocking Glass Corporation,* supra, 544. This court has followed the rule of *Trani* v. *Anchor Hocking Glass Corporation,* supra, on several occasions.[3] See, e.g., *Reilly* v. *DiBianco,* 6 Conn. App. 556, 574–75, 507 A.2d 106,

---

[3] The only case to the contrary is *Hulk* v. *Aishberg,* 126 Conn. 360, 362–63, 11 A.2d 380 (1940). *Hulk,* however, has never been cited in that respect since it was decided. Both *Trani* v. *Anchor Hocking Glass Corporation,* 142 Conn. 541, 116 A.2d 167 (1955), and *Boland* v. *Vanderbilt,* 140 Conn. 520, 102 A.2d 362 (1953), were decided after *Hulk. Trani* and *Boland* strongly suggest that the conclusion in *Hulk* regarding a jury instruction on permanency of injury has been implicitly limited to its facts.

cert. denied, 200 Conn. 804, 510 A.2d 192, 193 (1986); *Robinson* v. *ITT Continental Baking Co.,* 2 Conn. App. 308, 313, 478 A.2d 265 (1984); *Royston* v. *Factor,* supra, 577.

The rule applies to this case. There was sufficient, albeit slim, evidence for the jury to infer that the plaintiff's injuries, caused by the defendant's conduct, were still present one and one-half to two years after that conduct, and that they were likely to continue on a permanent basis.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.