DEBORAH M. NILES *v.* ROBERT P. EVITTS ET AL.
(6448)

BORDEN, DALY and STOUGHTON, Js.

Submitted on briefs September 1—decision released October 25, 1988

*Matthew B. Woods* and *Philip Baroff* filed a brief for the appellant (plaintiff).

*Ralph F. Scofield* filed a brief for the appellees (defendants).

STOUGHTON, J. The plaintiff brought this action for damages for personal injuries sustained in a collision between the plaintiff's car and a truck owned by the defendant Spector Industries and driven by the defendant Robert P. Evitts. The plaintiff appeals from the judgment rendered by the trial court on the jury's verdict. The jury fixed just and fair damages for the plaintiff's injuries at $25,000. Applying the principles of comparative negligence and reducing the amount of damages by 30 percent for the plaintiff's own negligence, the jury returned a net verdict of $17,500 for the plaintiff which was accepted by the court.

The dispositive issue on appeal is whether, as the plaintiff contends, the trial court erred in refusing to charge the jury that it could infer that her injuries resulted in a permanent disability.[1] We agree with the plaintiff.

---

[1] The trial court instead instructed the jurors that they were not to consider the permanency of any of the plaintiff's injuries.

On December 8, 1981, the plaintiff and the named defendant were involved in a traffic accident. The plaintiff claimed that she was in the left lane when the named defendant made a left turn from the right lane and struck her car. The defendant claimed that he had signaled before making his turn and that the plaintiff came up behind him and struck the side of his truck. The plaintiff declined medical assistance at the scene of the accident, but she did visit a doctor later that day. The doctor found no evidence of permanent damage. Over the next six years, however, the plaintiff complained of recurrent bouts of pain.

Aside from her own testimony, the only evidence regarding the plaintiff's permanent disability came from two letters written by her chiropractors. A 1983 letter stated that there was a possibility of 15 percent disability and a 1987 letter stated that "[i]t is apparent that the [plaintiff's] symptoms are going to be recurrent." The plaintiff testified that she saw a chiropractor in December, 1981, and was treated for pain in the shoulders, neck and low back. She also complained of such pain in a visit to a physician in January, 1982. She continued to seek chiropractic treatment until she moved to Florida in 1984. She resumed chiropractic treatment in 1987 and was receiving this treatment at the time of trial. The plaintiff testified she was still experiencing intervals of pain. The medical report in evidence showed that the plaintiff had complained of back pain in 1982.

The plaintiff claims that there was sufficient evidence for the jury to infer that her injuries resulted in permanent disability and that, consequently, the trial court erred in removing this issue from the jury's consideration. We agree. " 'A trier of facts can conclude, by inference, that an injury will be permanent even though there is no medical testimony expressly substantiating permanency.' *Royston* v. *Factor,* 1 Conn. App. 576, 577,

474 A.2d 108 (per curiam), cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984)." *Dibble* v. *Ferguson,* 15 Conn. App. 97, 99, 543 A.2d 294 (1988). In this case, there was some evidence from which the jury could infer that the plaintiff's injuries were permanent. Accordingly, the plaintiff was entitled to have the jury consider that issue in its deliberations. See id., 101.

The plaintiff requests that this case be remanded solely for a hearing on damages. Conversely, the defendants contend that a new trial on all the issues is in order. We agree with the defendants.

An order restricting the issues on remand is the exception, not the rule. "[A]n order for the restriction of the issues [on remand] will never be made unless the court can clearly see that this is the way of doing justice in that case." *Murray* v. *Krenz,* 94 Conn. 503, 508, 109 A. 859 (1920); *Montanaro Bros. Builders, Inc.* v. *Snow,* 4 Conn. App. 46, 55, 492 A.2d 223 (1985). "As a rule the issues are interwoven, and may not be separated without injustice to one of the parties." *Murray* v. *Krenz,* supra, 508.

The plaintiff posits her claim for a limited remand on our decision in *Malmberg* v. *Lopez,* 12 Conn. App. 438, 447, 531 A.2d 161 (1987), rev'd, 208 Conn. 675, 546 A.2d 264 (1988). Our decision in *Malmberg* was reversed by the Supreme Court after the parties to this appeal had submitted their briefs. " '[W]here . . . liability is contested and an appellate court is unable to infer whether upon a new trial a jury would find in favor of the defendant or in favor of the plaintiff an appellate court must remand the case for a trial on all issues.' [*Freshwater* v. *Booth,* 233 S.E.2d 312, 316 (W. Va. 1977)]." *Malmberg* v. *Lopez,* 208 Conn. 675, 682, 546 A.2d 264 (1988).

In the present case, the defendants' liability is not clear cut. Indeed, it is tempered by the jury's determi-

nation that the plaintiff was 30 percent negligent herself. Further, a liability verdict that by its very nature acts to reduce the amount of damages one side must pay means that the issues of liability and damages are "inextricably interwoven." *Murray* v. *Krenz,* supra, 508. Additionally, there is little fear that the jury was motivated by sympathy for one party since it found both parties had been negligent. Finally, the defendants clearly seek a new trial on all the issues. This is not a case where the issues of damages and liability are so separate and distinct that we can order a limited remand.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.