## STERGIOS ZOLOTAS *v.* JON L. STIMPSON (9459)

SPALLONE, LANDAU and HEIMAN, Js.

Argued June 3—decision released September 24, 1991

1

*Mark O. Grater,* for the appellant (plaintiff).

*Conrad O. Seifert,* for the appellee (defendant).

SPALLONE, J. The plaintiff appeals from the trial court's judgment setting aside the jury's verdict for the plaintiff. The sole issue warranting our attention is whether the trial court improperly set aside the verdict as to damages only, while leaving intact the jury's assessment of liability. Although we conclude that the trial court properly set aside the verdict, we reverse that part of the decision limiting the retrial to the issue of damages.

The jury could reasonably have found the following facts. The plaintiff and the defendant engaged in a physical altercation during which blows were struck. The plaintiff claims that he was injured physically and mentally as a result of the assault by the defendant. The plaintiff testified that, immediately after the confrontation, his wife saw his injuries when she applied ice to his arm.

Upon the conclusion of the evidence, the defendant filed a request to charge on the "missing witness" rule because the plaintiff had not called his wife as a witness. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598 (1960). The "missing witness" rule provides that the failure to produce a witness who was within a party's power to produce and who would naturally be produced by him merits an inference that the testimony of that witness would have been unfavorable to the party's case. *Braun* v. *Edelstein,* 17 Conn. App. 658, 663–64, 554 A.2d 1102, cert. denied, 211 Conn. 803, 559 A.2d 1136 (1989). The trial court refused the request and did not give that instruction. The jury returned its verdict in favor of the plaintiff and awarded damages in the amount of $54,401.70. In response to the defendant's motion to set aside this verdict, the trial

court reconsidered its refusal to give the *Secondino* charge, stating that "the testimony of Mrs. Zolotas was highly significant to confirm or deny the extent of the visible injury to the plaintiff prior to his hospital visit. The court now finds that its failure to charge as requested materially impacted on the issue of damages . . . ." The court then granted the defendant's motion to set aside the verdict. The trial court, however, set aside the verdict only as to damages and left the jury's assessment of liability intact. The plaintiff then brought this appeal.

We begin by noting that the trial court's decision to set aside the verdict was reasonable. The trial judge has a unique and advantageous position for evaluating the factors that may have brought the jury to its verdict. *Butler* v. *Steck,* 146 Conn. 114, 119, 148 A.2d 246 (1959). Accordingly, the trial court's ruling on a motion to set aside a verdict is entitled to great weight. *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982). We hold that the trial court acted properly in setting aside the verdict in light of its finding that its failure to give the requested missing witness instruction materially impacted the jury's verdict.

We must decide, however, whether the trial court acted properly in limiting the retrial to the issue of damages. We hold that it did not.

The courts of this state, in their discretion, may order a retrial limited in scope to a specific issue or issues. General Statutes § 52-266; *Nash* v. *Hunt,* 166 Conn. 418, 431, 352 A.2d 773 (1974); *Velardi* v. *Selwitz,* 165 Conn. 635, 643, 345 A.2d 527 (1974). Caution must necessarily be employed, however, in the exercise of this authority because it is often difficult to isolate the effect of a particular mistake. This is especially true where the court is called upon to determine possible effects upon the deliberation of a jury. *Hawley* v. *Rivolta,* 131 Conn.

540, 543, 41 A.2d 104 (1945). It is difficult, for example, to determine whether the failure to instruct the jury properly affected its decision regarding liability, damages or both.

Accordingly, "[t]he decision to retain the jury verdict on the issue of liability and order a rehearing to determine only the issue of damages 'should never be made unless the court can *clearly* see that this is the way of doing justice in [a] case.' (Emphasis added.) *Murray* v. *Krenz,* [94 Conn. 503, 508, 109 A. 859 (1920)]; *Hawley* v. *Rivolta,* supra; *Niles* v. *Evitts,* 16 Conn. App. 696, 699, 548 A.2d 1352 (1988); *Montanaro Bros. Builders, Inc.* v. *Snow,* 4 Conn. App. 46, 55, 492 A.2d 223 (1985)." *Fazio* v. *Brown,* 209 Conn. 450, 455, 551 A.2d 1227 (1988). The exercise of the court's discretion should be confined to situations "[w]here the error as to one issue or issues is separable from the general issues . . . [and] such . . . limitation does not work injustice to the other issues or the case as a whole." *Murray* v. *Krenz,* supra, 507. "[W]here the retrial of the single issue may affect other issues to the prejudice of either party, the court [can] not exercise its discretion in limiting the new trial but [rather should] grant it *de novo.*" Id., 508. "An order restricting the issues [of a new trial] is the exception, not the rule"; *Niles* v. *Evitts,* supra; because "[a]s a rule the issues are interwoven, and may not be separated without injustice to one of the parties." *Murray* v. *Krenz,* supra. In personal injury cases especially, the question of damages is usually so inextricably interwoven with the question of liability that the two cannot be separated without injustice to one of the parties. See, e.g., *Fazio* v. *Brown,* supra; *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses,* 194 Conn. 645, 647–48, 484 A.2d 940 (1984); *Wendland* v. *Ridgefield Construction Services, Inc.,* 190 Conn. 791, 796, 462 A.2d 1043 (1983);

*Hawley* v. *Rivolta,* supra; *Murray* v. *Krenz,* supra, 508–509; *Niles* v. *Evitts,* supra.

We believe that this case presents a situation where a great difficulty exists in determining whether the trial court's failure to give a missing witness instruction to the jury affected only the issue of damages. It is possible that a jury, so instructed, might extend the impact of a missing witness to other issues in the case. Accordingly, we believe that there must be a retrial of all of the issues.

The judgment is reversed to the extent that it limited the new trial to the issue of damages and the case is remanded for a new trial on all issues.

In this opinion the other judges concurred.