[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO OPEN AND VACATE JUDGMENT
The original plaintiff recovered a default judgment for failure to appear on December 4, 1991, in the amount of $817,156.16 (including treble damages) plus $350.70 in costs. The defendant by motion dated September 18, 1992, seeks to open and vacate the judgment claiming that the judgment was void for lack of in personam jurisdiction as a result of defective service. An evidentiary hearing was held and documentary evidence was received.
 I.
The plaintiff[1] instituted this action by writ, summons and complaint in five counts alleging breach of contract, unjust enrichment, fraud and statutory damages for forgery and theft dated August 29, 1991, and returnable October 22, 1991, arising out of a promissory note from defendant's corporation to the plaintiff guaranteed by the defendant individually.
The sheriff's return annexed to the original complaint states in relevant part: "Then and there, (Fairfield, October 10, 1991) by virtue thereof, I made service of the within and foregoing writ, Summons and Complaint upon Vincent A. Roberti, by leaving a true and attested copy at the usual place of abode of: Vincent A. Roberti, 689 Fairfield Beach Road, Fairfield, Connecticut. . . . Attest: /s/ Warren Tingsley, Chief Deputy Sheriff, Fairfield County,"
The defendant claims that although his wife and children lived at the address described in the sheriff's return, he did not, and his usual place of abode was in fact in Florida. He further claims that the service upon him was defective and deprived the court of personal jurisdiction over him to render the judgment, and therefore the judgment is void. The issue is then whether, as of October 10, 1991, the address shown in the sheriff's return was the defendant's "usual place of abode."
II. CT Page 36
A brief review of the legal principles of abode service will place the evidence in context.
Section 52-57 of the General Statutes entitled "Manner of service upon individuals, . . ." provides in relevant part: (a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the. . .complaint, with the defendant, or at his usual place of abode, in this state." The purpose of abode service is to ensure actual notice to the defendant that the action is pending. Smith v. Smith, 150 Conn. 15, 20 (1962). "Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. . . .The place where one would be most likely to have knowledge or [service of process] would be at his usual place of abode." Smith v. Smith, supra, 20. The statute provides for in personam service on resident individuals by two methods: (1) by actual manual delivery of the process to the defendant himself within the state, or (2) by abode service, that is, by leaving a copy of the process at the defendant's usual place of abode within the state. Under52-57(a), either mode of service is adequate for an in personam judgment. See Smith v. Smith, supra, 19.
"The usual place of abode is generally considered to be the place of abode where the person is living at the time of the service." Plonski v. Halloran, 36 Conn. Sup. 335,336 (1980). "It is not necessarily his domicile;. . .and a person may have more than one usual place of abode. . . .In the final analysis, the determination of one's usual place of abode is a question of fact. . ." Plonski v. Halloran, supra, 336 (citations omitted). The sheriff's return is prima facie evidence that he made service at the defendant's usual place of abode, however, it may be contradicted by facts showing otherwise. The court must consider all of the relevant facts and surrounding circumstances, and when a defendant challenges the court's jurisdiction, he bears the burden of proving that the service was deficient.
"The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction." Standard Tallow Corporation v. Jowdy, CT Page 37190 Conn. 48, 53 (1983).
 III.
With these principles in mind, the court turns to the following facts found. Sheriff Tingsley is a chief deputy sheriff in Fairfield County and was retained by plaintiff's counsel to make service on the defendant. He attempted service on the defendant in the past in another case at 51 Mill Bank in Fairfield unsuccessfully. He checked with the new owners of that home and he was directed by them to the Fairfield Beach Road address. He went to the post office and asked for the defendant's address and was told that mail for the defendant was left at the Fairfield Beach Road address. He checked with the Connecticut Department of Motor Vehicles and received no response. He later checked with next door neighbors before going to the Fairfield Beach Road home to make service. The door at the home was answered by a boy aged ten to fourteen. When he asked for Mr. and Mrs. Roberti, the boy said they were both out to dinner. He left the process with the boy.
The defendant testified that during the last week of May or early June 1991, troubled by business and other personal and marital problems, and facing arson charges pending in the Hartford Judicial District, he moved to Florida, to "try to get his head together." He placed into evidence a group of documents that tended to show that he moved to Florida and that he obtained a Florida address. These included a Florida driver's license, Defendant's Exhibit A; a check drawn on a Florida account on October 12, 1991; a partial telephone bill dated November 1, 1991, showing a Florida post office box address, Defendant's Exhibit C; a Florida bank credit card, Defendant's Exhibit D; a Florida voter registration card, Defendant's Exhibit E; a rent receipt for the Florida condominium unit, Defendant's Exhibit F; a social security card in the defendant's name, Defendant's Exhibit G; a Florida electric bill for the period June 12, 1991 to July 12, 1991, for the condominium unit; a portion of his 1990 federal income tax return with a Florida post office box address, Defendant's Exhibit K; (there was no testimony as to the date Exhibit K was prepared or actually filed). The defendant also testified that he did not live with his wife and children at the address served by the sheriff, although he guaranteed the lease, for the rental CT Page 38 premises, and that his residence was in Florida until the spring of 1992 when he returned to Connecticut and was successful in the defense of his arson trial. Later, he moved back in with his family, and in the interim, between June or late May of 1991 and the spring of 1992, he returned to Connecticut only twice and did not stay in the Fairfield Beach Road home.
The plaintiff showed that the defendant's testimony at trial relating to his visits to Connecticut was inconsistent with his prior testimony on deposition. Also, plaintiff offered into evidence a number of telephone bills and records and related testimony from which the court finds that the telephone service at the Fairfield Beach Road home was billed to the defendant at that home, throughout the times relevant herein and was originally taken out in his name, and that the defendant started a business in Fairfield known as Devco Design Build, Inc. He also arranged for the telephone service there, and had the bills sent to him at a Fairfield post office box number during the relevant period. Also, the defendant received a collect long distance call at the Devco number from an inmate in a federal penitentiary located in Pennsylvania on September 20, 1991, which showed that he was in Fairfield on that day. The court notes also that a short collect call from the same penitentiary was made to the Fairfield Beach Road home on June 2, 1991.
The defendant also testified that he was only a consultant to the Devco business, but the telephone records show the business owner listed as Vincent Roberti "dba Devco. . ." The plaintiff also produced evidence that pre- and post-judgment pleadings were mailed to the defendant to the address where abode service was made and were never returned.
The court excludes from evidence Plaintiff's Exhibit 10 for identification for lack of proper foundation, and on the state of the record declines plaintiff's request for an adverse inference for failure of defendant's wife to testify. That request should have properly been made in advance, during trial, to allow the defendant to respond. Moreover, the court notes the motion to quash a subpoena for her appearance filed by the wife (by defendant's attorney) on the ground of spousal privilege. It is axiomatic that a witness must be available for the "Secondino" rule[2] to be applied. CT Page 39
The motion to quash was not heard, and there was no evidence to show that the wife withdrew her invocation of the privilege, or otherwise waived it, or that she was available. See State v. Vilalastra, 9 Conn. App. 667 (1987), rev'd on other grounds, 207 Conn. 35 (1988). But also see Lombardo v. Simko, 3 Conn. Cir. 363 (1965), cert. den. 153 Conn. 724
(1965); Stimpson v. Zolotas, No. 507795, New London J.D. (Hurley, J.) aff'd. 26 Conn. App. 1 (1990).
The documentary evidence provided by the defendant relating to the establishment of a home in Florida is more significant for what it does not show and for what was not offered. Defendant's Exhibit C, the portion of defendant's phone bill for the October 9, 1991 — November 1, 1991 period showed that no "toll" or long distance calls were made or charged to the Florida number. It showed only that the defendant was charged for basic service, and does not show that any local calls were made or received at that number. Also, the defendant did not produce any phone bills for the period from June through October 1991, showing that any toll calls were in fact made to or from the Florida number. The same can be said for the Florida utility bill, Defendant's Exhibit H, which, as the plaintiff aptly points out, shows a minimal use of electricity from June 12, 1991 to July 12, 1991. And, the defendant proferred no utility bills showing substantial electrical use for the period July 12, 1991 through October 1991. Also, the defendant's business telephone at Devco shows no telephone calls to the defendant's Florida number. The court draws the inference from this that while the Devco business made a great many telephone calls, some to places all over the world, none were apparently made to its owner, or as the defendant testified, to its consultant, in Florida, leading to the conclusion that the defendant was not living in Florida, as corroborated by the non-existence of toll calls on the Florida telephone bill, Defendant's Exhibit C, and the nonproduction of later telephone or utility bills. Also, the defendant did not produce an original or copy of his Florida lease, or the lease he claims to have guaranteed for the Fairfield Beach Road home. The first would have been probative on the extent of his Florida tenancy; the second could have corroborated his claim that he was a guarantor on the lease, rather than a tenant. All of those omissions, and the fact that defendant began a business in Fairfield in July 1991 and was in CT Page 40 Fairfield on September 20, 1991, cast grave doubt on defendant's credibility. Considering the totality of the evidence, it is clear that the defendant has not met his burden of proof that the Fairfield Beach Road home was not his usual place of abode, in fact, he did not show, by the weight of the evidence, that he resided anywhere else.
The defendant's constitutional claim explicated in his brief has already been rejected by our Supreme Court in Gluck v. Gluck, 181 Conn. 225 (1980). Accordingly, for the reasons stated, the court finds that Deputy Sheriff Tingsley made service pursuant to General Statutes 52-57(a) at the defendant's usual place of abode, and the defendant's motion to open and vacate the judgment is denied.
Teller, J.