## CARMELIS PARKER *v.* SUPERMARKETS GENERAL CORPORATION
### (12834)

DUPONT, C. J., and LAVERY and SPEAR Js.

Submitted on briefs November 3, 1994—decision released January 24, 1995

*J. Kevin Golger* filed a brief for the appellant (defendant).

*James M. Connolly* filed a brief for the appellee (plaintiff).

DUPONT, C. J. The defendant in this negligence action appeals from a judgment rendered in accordance with a jury verdict for the plaintiff, awarding the plaintiff

a total of $64,605 in damages, $13,140 for past noneconomic damages and $51,465 for future noneconomic damages. The sole issue is whether the trial court improperly instructed the jury that it could award damages for future pain and suffering without expert medical testimony if the jury inferred from the evidence that the plaintiff's injuries were permanent in nature. We affirm the judgment of the trial court.

The jury reasonably could have found certain facts. While shopping at the defendant's store, the plaintiff slipped and fell on an oily section of the floor due to the defendant's negligence. As a result of the fall, the plaintiff sustained injuries, including an exacerbation of a preexisting back condition.

The plaintiff had suffered from back problems for most of her adult life.[1] At the time of the accident in the defendant's store, the plaintiff was suffering from pain due to these earlier injuries. The plaintiff claimed, however, that the pain she had endured before the slip and fall was exacerbated as a result of the fall.[2] The plaintiff testified about the difference in the pain she felt, and the physical activities she could undertake, both before and after the slip and fall. The plaintiff's husband further testified about the differences in the plaintiff's activities before and after the fall. The nature and the source of the injury was confirmed by a medical report from one of the plaintiff's physicians.[3]

---

[1] When the plaintiff was twelve years old, she injured her back when thrown from a horse. Then, in 1955, the plaintiff was involved in an automobile accident that caused her to suffer back pain. After the automobile accident, the plaintiff underwent back surgery to remove two ruptured disks and to create a bone grafting for her spine. Later, the plaintiff underwent cleanup surgery to remove parts of the grafting that had begun to deteriorate, affecting her nerves and muscles.

[2] The plaintiff did not seek compensation for disability, but sought damages for increased pain and suffering.

[3] The plaintiff introduced at trial the medical reports of two physicians, Kenneth I. Lipow and John V. Mangieri. The report of Lipow stated in

The trial court instructed the jury that it could award the plaintiff damages for future pain and suffering if the jury inferred that the aggravation of the plaintiff's preexisting pain was permanent in nature, even though there may not have been medical evidence to that effect.[4] The defendant argues that this instruction was

pertinent part: "I feel that [the plaintiff's] fall in the supermarket caused . . . a flare-up of a low back strain based on her preexisting back history. I feel that her fall was a substantial factor in exacerbating her preexisting condition, and that this low back condition is not a new condition."

A second report of Lipow indicated that "therapy . . . would most likely not produce long-lasting relief. . . . I also do not feel that surgical resolution of her problem is likely, and the most beneficial course for this patient would be a physical reconditioning approach including swimming and exercise components."

The report of Mangieri stated in pertinent part: "I do not find any substantial difference in . . . [the plaintiff's] disability [prior to the slip and fall] . . . versus her present disability after her fall . . . . Although I do feel her present disability in the lumbar area is approximately 20 percent which is permanent, but not related to the injury [at the defendant's store]. . . ."

[4] The trial court stated in its charge to the jury: "It is well settled law that if there is evidence from which you may infer that the painful effects of Mrs. Parker's injuries are permanent, then you may conclude that they are so. If you find that she will endure pain and suffering as a result of this injury and that the pain and suffering will be permanent, then she is entitled to receive compensation for those permanent consequences which aggravate—excuse me, for those permanent consequences of the aggravation of her prior back condition—of her prior condition. That her pain and suffering will be permanent may be inferred from the evidence even though there was no medical testimony to that effect."

The trial court later recharged the jury stating: "I want to correct a portion of the charge. That portion of the charge I wish to correct is the portion dealing with pain and suffering and whether or not that will be permanent and whether it may be inferred from the evidence. I read—I said to you that the plaintiff's pain and suffering will be permanent may be inferred from the evidence even though there was no medical testimony to that effect. I should have said even though there may be no medical testimony to that effect. So what I charge you is that her pain and suffering will be permanent may be inferred from the evidence even though there may be no medical testimony to that effect. And if there was medical testimony to that effect or not, that is for you, the jury, to determine."

The defendant did not include the recharge to the jury in its brief or appendix. The defendant, however, claims error in the original charge and not

improper because the plaintiff's condition was complex and beyond the ordinary knowledge and experience of jurors, and, therefore, direct medical testimony on the permanency of the plaintiff's injuries should have been required before the issue reached the jury. The defendant claims that the jury could not distinguish, without expert medical testimony, whether any future pain and suffering would be the result of the fall in the defendant's store or the result of the deterioration of the plaintiff's preexisting injury. Alternatively, the defendant argues that there was insufficient evidence from which the jury could infer that the plaintiff's pain and suffering would continue into the future.

"A trier of facts can conclude, by inference, that an injury will be permanent even though there is no medical testimony expressly substantiating permanency." *Royston* v. *Factor*, 1 Conn. App. 576, 577, 474 A.2d 108, cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984); *Robinson* v. *ITT Continental Baking Co.*, 2 Conn. App. 308, 313, 478 A.2d 265 (1984); *Dibble* v. *Ferguson*, 15 Conn. App. 97, 99, 543 A.2d 294 (1988); *Niles* v. *Evitts*, 16 Conn. App. 696, 698, 548 A.2d 1352 (1988).

This principle is based on the recognition by Connecticut courts that jurors are able to evaluate for themselves the testimony of the plaintiff, as well as the nature and duration of the injury, the likelihood of its continuance into the future, and the lack of total recov-

---

in the recharge. The plaintiff claims that we should not review the defendant's claim of error because of the defendant's failure to include in its appendix both the charge and the recharge. The only significant change between the charge and recharge is that the charge states that "there was no medical testimony" concerning the permanency of pain and suffering, whereas the recharge states that "there may be no medical testimony" to that effect. Because the defendant is not claiming any error arising out of the change of language between the two charges, the defendant's claim is reviewable. Of necessity, our review embodies all of the charge, including the recharge.

ery by the time of trial.[5] *Trani* v. *Anchor Hocking Glass Corp.*, 142 Conn. 541, 543–44, 116 A.2d 167 (1955); *Boland* v. *Vanderbilt*, 140 Conn. 520, 523, 102 A.2d 362 (1953). If a jury has the opportunity to appraise the condition of a plaintiff and its probable future consequence, an award of damages for permanent injury and for future pain and suffering is proper. *Boland* v. *Vanderbilt*, supra, 523.

The permanent effects of an aggravation of a preexisting injury are as apparent to a jury as the permanent effects of any other injury, as long as the nature and scope of the preexisting injury is revealed to the jury through testimony at trial. If the jury is aware of the plaintiff's condition before the accident, and compares that to the plaintiff's condition after the accident, then the jury can logically infer that the aggravation of the injury, reflected by the change in the plaintiff's condition, will be permanent. See *Boland* v. *Vanderbilt*, supra, 140 Conn. 524. In *Boland*, the defendant was liable for the cumulative damage caused by his negligence even though that damage was greater than it would have been had the plaintiff not had a preexisting injury.

It is appropriate for the trial court to submit the issue of the permanency of an aggravated injury to the jury, if a proper foundation has been laid concerning the plaintiff's condition before and after the injury and if some evidence of permanency has been introduced at trial. See *Niles* v. *Evitts*, supra, 16 Conn. App. 699.

---

[5] "The only case to the contrary is *Hulk* v. *Aishberg*, 126 Conn. 360, 362–63, 11 A.2d 380 (1940). *Hulk*, however, has never been cited in that respect since it was decided. Both *Trani* v. *Anchor Hocking Glass Corporation*, 142 Conn. 541, 116 A.2d 167 (1955), and *Boland* v. *Vanderbilt*, 140 Conn. 520, 102 A.2d 362 (1953), were decided after *Hulk*. *Trani* and *Boland* strongly suggest that the conclusion in *Hulk* regarding a jury instruction on permanency of injury has been implicitly limited to its facts." *Dibble* v. *Ferguson*, 15 Conn. App. 97, 100 n.3, 543 A.2d 294 (1988).

The trial court must also include in its instructions to the jury a caution that the jury is to award damages only for that part of the pain and suffering attributable to the aggravation of the preexisting injury. *Varley* v. *Motyl*, 139 Conn. 128, 130–31, 90 A.2d 896 (1952).

Here, it was appropriate for the trial court to submit to the jury the issue of permanency. First, a sufficient foundation was laid concerning the plaintiff's condition before and after the accident. The plaintiff testified about the difference in the pain she felt, and the physical activities she could undertake, both before and after the slip and fall. The plaintiff's husband testified about the differences in the plaintiff's activities before and after the fall. There was also medical evidence concerning the plaintiff's physical condition before and after her slip and fall. The trial took place six years after the fall, which allowed the jury to evaluate the plaintiff's testimony of permanency with that fact before it. *Trani* v. *Anchor Hocking Glass Corp.*, supra, 142 Conn. 544.

The defendant claims there was insufficient evidence of permanency to support submission to the jury. There was medical evidence, however, that it was unlikely that either physical therapy or surgery would alleviate the plaintiff's pain, and evidence at the time of trial, approximately six years after the accident, that the plaintiff was still suffering from the aggravated pain.

The trial court indicated to the jury that the plaintiff should be compensated only for the aggravation of her prior injuries. The trial court stated that the plaintiff was entitled to damages for "those permanent consequences of the aggravation of her prior back condition." Also, earlier in the charge,[6] the trial court stated: "[I]f

---

[6] "In assessing the adequacy of a charge to the jury, we consider the charge in its entirety, and judge it by its total effect rather than by its individual component parts." *Goodmaster* v. *Houser*, 225 Conn. 637, 644, 625 A.2d 1366 (1993).

you find that the defendant was negligent and if the negligent act of the defendant lighted up, aggravated or made worse or exacerbated the plaintiff's preexisting condition, then the aggravation or lighting up of the preexisting condition is a proper item of damage."

We conclude (1) that the trial court properly instructed the jury that it could infer that the plaintiff's injuries would be permanent, even though there may have been no medical testimony to that effect, and (2) that the evidence of permanency was sufficient to allow the jury to consider the issue.

The judgment is affirmed.

In this opinion the other judges concurred.