THE PRESIDENT, DIRECTORS AND COMPANY OF THE MECHANICS BANK *vs.* CHARLES E. WOODWARD.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The plaintiff sought to recover the amount of two promissory notes purporting to have been signed by the defendant, which it had discounted upon presentation by the defendant's wife, to whom the proceeds of the discounts, in the form of cashier's checks payable to the defendant's order, were delivered. These notes and the indorsements upon the checks were forged by the wife, but the plaintiff claimed that the defendant had acted in collusion with her and had shared in the avails of the notes. *Held :*—

1. That it was error to permit the defendant to make evidence for himself by testifying that he discovered other forged notes bearing his name among his wife's papers, and that he handed them at once to his attorneys who were defending another action upon another note brought by a different plaintiff.
2. That he might properly be allowed to prove that as soon as the last-named note was put in suit he told the plaintiff's attorney in that

Mechanics Bank *v.* Woodward.

action that it was a forgery. Such an assertion was an open declaration to one representing an adverse interest, and made under circumstances which called for a statement of his defense.

3. That evidence that the defendant published a newspaper notice cautioning all persons against buying any notes purporting to be signed by him in favor of his wife, and stating that they were worthless, was properly received.

4. That as bearing upon his knowledge of the source of the moneys which he received from his wife and she in turn from the plaintiff, the defendant, having testified that she said they came from one whom she had employed as his subagent, was properly allowed to state on his redirect examination that this alleged subagent (whom he had testified upon cross-examination he had visited) denied any such connection with his wife.

It is within the discretion of the trial court to exclude a question on the redirect examination upon the ground that it was put too late.

A finding that a certain thing "is probable," but "is not, on the evidence, absolutely clear," is uncertain and defective.

Argued October 24th, 1900—decided January 3d, 1901.

ACTION to recover $1,100 claimed to have been loaned to the defendant on two occasions through the agency of his wife, brought to the Superior Court in New Haven County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and new trial ordered.*

The following facts, among others, appeared in the finding: The defendant, early in 1898, constituted his wife his agent to invest $1,650 for him in the New York stock market. On September 28th, 1898, she offered a note for $800 purporting to be signed by him, for discount at the plaintiff bank, and it was discounted, and the proceeds given to her in a check drawn to his order. She collected this check, his indorsement upon it having been first forged, and probably used most of the funds in paying another note, on which he had been sued, held by one Hoadley. That note purported to bear the defendant's signature, but was in fact a forgery. She told him, and he believed, that she paid it from funds received by her as his agent, on stock investments. Before the note was thus paid he had retained counsel to defend the suit brought upon it, on the ground that it was a forgery.

On December 23d, 1898, Mrs. Woodward procured from the plaintiff the discount of another note for $300. The proceeds she deposited to her credit in the plaintiff bank, and immediately checked out $200 in bills, which in all probability she gave to the defendant, telling him that it came from said stock investments, which statement he believed to be true.

The defendant testified in his own behalf, that about the last of September or first of October, 1898, he found among his wife's papers two notes dated in 1895, in her favor, each purporting to bear his signature, and having indorsements of payments of interest semi-annually to April 1st, 1898; that he had never signed them; and that he placed them at once in the hands of his attorneys in the Hoadley suit. This testimony was received, and the two notes also admitted in evidence, against the plaintiff's objection, to rebut the claim that he had not acted in good faith with reference to this matter, but was a confederate of his wife in putting out fraudulent paper, and to show that when he found these particularly suspicious notes he brought them directly to his counsel.

Certain other parts of the finding, material to the case, are stated in the opinion.

*William B. Stoddard* and *Robert C. Stoddard*, for the appellant (plaintiff).

*James H. Webb*, for the appellee (defendant).

BALDWIN, J. The trial court erred in permitting the defendant to make evidence for himself, by showing his communication with his own attorneys as to a collateral matter in the course of another suit relating to a different transaction. Nor was his testimony admissible, that the two notes found among his wife's papers, which were the subject of that communication, were forgeries.

The plaintiff had endeavored to prove its case against the defendant by circumstantial evidence. It relied on his course of conduct with reference to certain pecuniary transactions with which his wife was connected, and in which she claimed

to represent him.  As to these transactions he was entitled
to show, if he could, that his conduct had been such as to ex-
clude the presumption of agency which it was sought to raise.
The trial court therefore properly allowed him to prove that
although, when demand was first made upon him he did not
deny his signature on the Hoadley note, he did, as soon as it
was put in suit, tell the attorney who brought the action, that
it was a forgery.  That was an open declaration to one repre-
senting an adverse interest, made under circumstances which
called for a statement of his defense.  But the two notes
which he afterwards found among his wife's papers had not
been the subject of evidence on the part of the plaintiff.
His delivery of them to his own attorneys was a confidential
communication to enable them to defend his interests more
effectually, and a mere self-serving act.  *Builders Supply
Co. v. Cox*, 68 Conn. 380, 382.  It could not be introduced
as the basis of admitting testimony that these notes were for-
geries, on which again to build the inference that the note in
suit probably was, and that he had no share in its fabrication.

Evidence that the defendant published a notice in a New
Haven newspaper, in October, 1898, cautioning all persons
against buying any notes purporting to be signed by him in
favor of his wife, and stating that they were worthless, was
properly admitted.  It tended to show that he had neither
authorized nor ratified the issue of any such paper.

The defendant having testified, on cross-examination, that
he had visited a certain party in New York, said by his wife
to be her subagent for his stock investments, he was properly
allowed to state, on his redirect examination, that this party,
at that visit, denied the existence of any such connection with
her.  All this bore directly on the defendant's knowledge of
the source from which the moneys came which he received
from his wife and she from the plaintiff.

Having been properly allowed to testify on his own behalf
that she told him that they came from his New York stock
investments, and having been fully cross-examined upon this,
he was asked, on recross-examination, whether he knew now
where she claimed to have got it.  If it appeared that he then

Mechanics Bank v. Woodward.

knew that she claimed to have got it from the plaintiff, this fact might have been admissible as tending to show either ratification or the wrongful retention of another's money; but it was within the discretion of the court to exclude the question as put too late.

The finding that the moneys paid by Mrs. Woodward to settle the Hoadley suit "were probably part of the proceeds" of the forgeries of September 28th, 1898, but that "this is not on the evidence absolutely clear," is uncertain and defective.

A finding, in stating without qualification that a fact is probable, may import that it does exist, and its existence may thus be substantially found, although improperly stated. *Hoyt* v. *Danbury*, 69 Conn. 341, 348. It was of no consequence that the fact was not absolutely clear; but such a qualification in the finding, unless held to be meaningless, tinctures with doubt this fact which apparently was the only reasonable conclusion from the other facts found.

The finding seems to present a question whether the claim of the plaintiff is founded on a contract of loan, or on a mere obligation to account for moneys had and received from a particular agent, under the mistaken belief that they were the fruit of the particular agency. As it is possible that an amendment of the complaint may be allowed, to obviate any claim of variance, we express no opinion on this point.

There were several rulings on matters of evidence which we do not state, because they were so obviously correct that no discussion of them is required.

No sufficient ground is shown for correcting the finding, on any of the exceptions taken.

There is error and a new trial is ordered.

In this opinion the other judges concurred.