GEORGE J. BARRY *vs.* LEWIS MILLER ET AL.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

If the evidence creates so strong a probability of the existence of a material fact as to induce a reasonable belief thereof in the mind of the trier, it is his duty to find it as a fact.

In the present case, the plaintiff, apparently in normal health, sustained a fall in the course of his employment as a plasterer and shortly thereafter was found to be suffering from acute paresis in an advanced stage which was caused by syphilis and which resulted in insanity. He offered medical testimony to the effect that the fall might have been an exciting cause of the paretic condition and that any sudden shock to the nervous system would probably precipitate a latent disease of that character. No other cause for the sudden development of the plaintiff's condition was suggested by the expert witnesses for the defendant. *Held* that the commissioner's finding that the injury "lighted up the syphilitic condition and either caused or accelerated the onset of the paresis," was not made without legal evidence.

Argued January 21st—decided April 8th, 1926.

APPEAL by the defendants from a finding and award of the compensation commissioner of the third district in favor of the plaintiff, taken to the Superior Court in New Haven County and tried to the court, *Simpson, J.;* judgment rendered dismissing the appeal and affirming the award and appeal by defendants. *No error.*

*Walter J. Walsh,* for the appellants (defendants).

*Frank S. Bergin,* for the appellee (plaintiff).

WHEELER, C. J. The claimant, on November 8th, 1923, while engaged at his trade as a plasterer in work upon a ceiling, stood upon a staging which fell, causing him to be thrown to the floor, a distance of about four

feet, and to strike the floor in a sitting position. As a consequence of the fall he was very pale, his eyes were closed, and he remained unconscious for from five to ten minutes, and immediately upon regaining consciousness complained of pain in his back. He continued at work to December 12th, 1923, and complained constantly of pain in his back and, in about ten days after the injury, began to show signs of nervous irritability and mental weakness. His nervous system and mentality were apparently normal before the injury. After his injury the nervous and mental condition became worse, and on December 12th, 1923, he became incapacitated for work, and on December 15th following, was admitted to the New Haven Hospital, and on December 21st following, admitted to the State Hospital for the Insane at Middletown. While in the New Haven Hospital he was found to be suffering from paresis, which is a germ disease and may be caused by syphilis, and he had been suffering from this disease for at least many months prior to his fall. The commissioner found, in paragraph thirteen, that "the injury of November 8, 1923, lighted up the syphilitic condition, and either caused or accelerated the onset of the paresis." The only ground of appeal pursued is that the finding of paragraph thirteen is made without evidence. The medical testimony on neither side was pursued far enough to give a trier the feeling that he had before him all the data helpful in aiding him to form his opinion.

The evidence developed these further facts: The claimant had been, until the accident of November 8th, in good health, physical as well as mental, and apparently with none of the objective or subjective symptoms of the disease, paresis. The fall injured claimant's head slightly, as well as his back. When taken to the hospital on December 15th, he was found to

be suffering from acute paresis in an advanced stage caused by syphilis, it having existed for at least several months and causing him to become insane. Paresis is a chronic progressive disease. No cause for the onset of this acute form of paresis with which the claimant suffered following his fall was suggested by the two medical experts for the defendants, and none appears in the evidence unless the fall occasioned the onset.

The experts for the defendants testified that this onset of paresis bore no relation to the fall, but they gave the commissioner no basis for this opinion other than that paresis was a germ disease and could not be caused by an injury to either the back or the head. The expert for the claimant testified that a latent disease such as paresis may be precipitated by an injury and that the injury which the claimant had suffered was · sufficient to have precipitated this onset of the paresis. This expert testified that he could not state positively that the injury precipitated this onset of the paresis, but that it might have been accelerated by the fall, or any shock to the nervous system; that if the claimant had no symptoms of paresis prior to the fall, and the symptoms of paresis developed immediately afterward —and that was true in this case—it was an exciting cause; this opinion he qualified by saying it might have been an exciting cause. In response to the commissioner's question, "What are the probabilities or aren't there any?" he replied: "I think that the probabilities are that anybody suffering with a disease, any kind of a chronic disease, chronic kidney trouble, or chronic lung trouble, any sudden shock to the nervous system, or shock to the body, especially with some disease of the nervous system, a sudden shock to the body would be apt to precipitate the disease, make it break out quickly." The opinion of this expert, who testified

after defendants' two experts had testified, was not later attacked or questioned by either of them.

In this condition of the evidence we cannot hold that the commissioner erred in finding that the injury precipitated the onset of the paresis. The commissioner might reasonably have found that the injury not only might have been, but that it probably was, the occasion of this onset. The onset of a chronically progressive disease came upon the claimant, a man apparently well, physically and mentally, without a symptom or warning of its presence. There was no other cause suggested in the evidence. It was not only a possible but a reasonably probable cause. If the commissioner concluded from this evidence that the injury was a reasonably probable cause of the onset, it was his duty to find as a fact, as he has found, that it did cause or accelerate the onset of the paresis.

The statement in *Hoyt* v. *Danbury,* 69 Conn. 341, 348, 37 Atl. 1051, by the court, BALDWIN, J., is equally applicable here: "It is enough, therefore, if the judgment rests, not indeed on mere conjecture, but on a probability so strong as to induce a reasonable belief in an impartial mind. *Stone* v. *Stevens,* 12 Conn. 219, 230; *Curtis* v. *Rochester & Syracuse R. R. Co.,* 18 N. Y. 534, 542; *Haskins* v. *Haskins,* 9 Gray [75 Mass.] 390, 393. When there is found by the trier to be such a probability in respect to the existence of a fact material to the issue, the parties have a right to demand that he shall go one step farther, and find this fact; for only thus can their contest be brought to a complete and final determination." See also *Finken* v. *Elm City Brass Co.,* 73 Conn. 423, 427, 47 Atl. 670; *Mechanics Bank* v. *Woodward,* 73 Conn. 470, 474, 47 Atl. 762.

There is no error.

In this opinion the other judges concurred.