FLORENCE GANNON *vs.* S. S. KRESGE COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 6th—decided December 15th, 1931.

*William H. Comley,* for the appellant (defendant).

*John A. Cornell, Jr.,* with whom was *Samuel Engelman,* for the appellee (plaintiff).

HINMAN, J.   The plaintiff sued to recover damages for injuries alleged to have been caused by defendant's negligence through the presence of pieces of glass in a sandwich which she bought at a lunch counter conducted by the defendant, and a part of which she ate, on January 22d, 1930.   The finding states that she offered evidence to prove and claimed to have proved that particles of the glass entered her mouth and throat, that as a result she was compelled to enter a hospital in Bridgeport for treatment and later was sent to one in Philadelphia, that she suffered much pain and distress, was rendered very nervous and suffered fits of hysteria; that in March, 1930, she became pregnant; that her highly nervous condition and hysteria continued until, about July 16th, 1930, she was found in a violent state of hysteria and in such a condition as to require her removal to a hospital and, on the second day thereafter, suffered a miscarriage.   The finding also states that there was evidence that the hysteria was directly induced by the suffering ensuing from the swallowing of the particles of glass, and that intense nervous excitement and emotional disturbance attending hysteria exert an influence upon the female generative organs.   There was also evidence that the plaintiff was forty years old, had given birth to ten children, and had never previously suffered an abortion.   The record is sufficient to preclude the corrections of the finding, in a jury case, which were sought by the appellant.

In the course of its charge the trial court referred to the plaintiff's claims, as to elements of damage, that she had suffered pain, nervousness, insomnia, and hysteria, and as a result had suffered a miscarriage.

It then stated: "On the question of the miscarriage, I am frank to give you my opinion that there is very slight evidence to show that this glass caused this miscarriage, but that, of course, is a question which you must determine." The defendant assigns as error this portion of the charge. The assignment is based on the claim that there was no evidence to support a reasonable inference of any causal relation between the plaintiff's experiences on account of the glass, and the miscarriage, and, therefore, that the latter, as an element of damage, should have been withdrawn by the trial court from the consideration of the jury. The finding discloses no direct evidence to the effect that the plaintiff's nervous condition and hysteria would in fact produce the miscarriage or expert opinion that this was the cause thereof. However, we do not regard the situation as one in which, from its nature, expert opinion evidence is indispensable or necessarily essential to the reaching of a conclusion upon a disputed issue as to the cause of a disease, injury, or condition, or a choice between two or more possible causes. *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 714, 134 Atl. 259. There may be sets of circumstances, especially when no other cause than that claimed is suggested, sufficient to remove determination of the issue from the realm of conjecture without the aid of positive expert opinion and create a probability so strong as to induce and warrant a reasonable belief in an impartial mind. *Barry* v. *Miller*, 104 Conn. 362, 365, 133 Atl. 37. The evidence offered by the plaintiff, as indicated by the finding, as to the sequence of events and circumstances, the relevant effect of hysteria, and her history as to absence of previous miscarriages, was not so clearly without effective significance and insufficient to bring the present case within the latter class as to require the

trial court to withdraw the question from the jury or to go farther than the comment which was made.

Under the assignment based upon the denial of the motion to set aside the verdict, the sole claim is that its amount ($2500) is excessive. As to this, the trial court was correct in its view that if the jury, as they obviously did, accepted the plaintiff's evidence as to her symptoms, experiences, and sufferings, mental and physical, and allowed the undisputed special damages of nearly $800, the amount awarded was not such as to justify annulling the verdict as excessive. Upon the record, the verdict does not impress us as excessive if the jury accepted the plaintiff's claims as to elements of damage other than the miscarriage; and we regard it as probable that if they had in fact found the miscarriage to be an admissible item, the total amount of the verdict would have been substantially larger than that awarded.

There is no error.

In this opinion the other judges concurred.