WILLIAM FRANCHEY ET AL. *v.* ARTHUR R. HANNES ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued November 8—decided December 19, 1967

*Richard Shaffer,* with whom, on the brief, was *Wilbur Duberstein,* for the appellants (defendants).

*Edwin K. Dimes,* for the appellees (plaintiffs).

THIM, J. This appeal arises from a new trial following our decision in *Franchey* v. *Hannes,* 152 Conn. 372, 207 A.2d 268. In that case, the facts of which furnish the background of the present case, we sustained the court's conclusion that the defendants' fraudulent nondisclosure in January, 1959, induced the plaintiffs to buy the defendants' prop-

erty. We found that the court erred, however, in computing the damages to which the plaintiffs were entitled. *Franchey* v. *Hannes,* supra, 381. We remanded the case with direction to render judgment for the plaintiffs to recover such damages as they may prove on a new trial limited to the issue of damages. In the second trial, the court awarded the plaintiffs general damages in the amount of $4500 and consequential damages in the amount of $3300. From this judgment the defendants have appealed.

The unchallenged finding of the court discloses the following facts: Because of the defendants' fraudulent nondisclosure, the plaintiffs were led to assume that the property which they purchased consisted of a piece of real estate on which was situated a house, an attached, two-car garage, a macadam driveway, a parking area, and a circular reenforced concrete swimming pool. Subsequently, in February, 1959, the plaintiffs discovered, for the first time, that a portion of the driveway and the parking area, including the portion in front of the garage doors, and approximately one foot of the northerly portion of the pool all encroached on a triangular, .11-acre parcel of land, hereinafter referred to as the triangular parcel, belonging to the plaintiffs' next door neighbor. Because of the driveway and the parking area encroachment, the plaintiffs, without trespassing, experienced difficulty in getting one car into their garage. It was impossible to get two full-sized cars into the garage without trespassing. Because the shallow end of the pool encroached on the triangular parcel, the pool could not be used there without trespassing. The plaintiffs attempted to purchase the triangular parcel, but they were unsuccessful. In fact, their

neighbor threatened to institute a suit unless the plaintiffs removed the macadam from the encroaching portion of the driveway and the parking area. The pool was unusable and immovable. Unless the pool encroachment was corrected, the plaintiffs, with full disclosure of all the encroachments, would have experienced extreme difficulty in trying to sell their property. Consequently, the plaintiffs abandoned the pool, filled it in, and caused a new pool to be built on their property approximately the same distance from their neighbor's property as they were led to assume the original pool to be. The reasonable cost in 1959 of reproducing the pool was $3300.

On these facts the court concluded that the original pool presented the plaintiffs with an unworkable situation and that it was reasonable and necessary for them to relocate the pool so as to make it usable and to make their property salable.

The defendants argue that the award of consequential damages of $3300 was not supported by the evidence on the ground that no foundation was laid through expert testimony that the pool encroachment necessarily required the abandonment of the original pool. Expert testimony was not required to support the claim of the plaintiffs that it was necessary to abandon the original pool and reproduce it on another part of their land. The rule requiring expert testimony only applies when the question involved goes beyond the field of the ordinary knowledge and experience of a trial judge. *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 454, 172 A.2d 192; *Jaffe* v. *State Department of Health,* 135 Conn. 339, 350, 64 A.2d 330. Here, the trial judge, by the application of his own knowledge, could determine without the aid of an expert

whether it was necessary to abandon the pool. Expert testimony was not essential to support the court's conclusion that the intolerable situation which confronted the plaintiffs justified the action they took in relocating the pool. See *Bader* v. *United Orthodox Synagogue,* supra; *Sapiente* v. *Waltuch,* 127 Conn. 224, 227, 15 A.2d 417; *Gannon* v. *S. S. Kresge Co.,* 114 Conn. 36, 38, 157 A. 541. It is noted that the defendants had an opportunity to show that it was unnecessary to abandon the original pool.

The main thrust of the defendants' appeal is their claim that the court in awarding damages erred in failing to follow the proper rule for measuring damages. In the present case, the plaintiffs were entitled to recover the difference between the actual value of the property received and its value had it been as represented, with such consequential damages, if any, as resulted from the fraudulent nondisclosure. *Franchey* v. *Hannes,* 152 Conn. 372, 381, 207 A.2d 268; *Clark* v. *Haggard,* 141 Conn. 668, 673, 109 A.2d 358; *Morrell* v. *Wiley,* 119 Conn. 578, 583, 178 A. 121; *Gustafson* v. *Rustemeyer,* 70 Conn. 125, 137, 39 A. 104. Under this rule the plaintiffs were entitled to recover the difference between the value of their property with the triangular parcel and the value without the triangular parcel, along with any consequential damages which were the direct and proximate result of the defendants' nondisclosure.

The court found in January, 1959, that the market value of the plaintiffs' property and the triangular parcel was $34,000. Because of the defendants' nondisclosure, however, the property which the plaintiffs were induced to acquire was unmarketable because of the pool encroachment. As the direct

and proximate result of the defendants' nondisclosure, the plaintiffs were required to remedy the pool situation in order to make their property marketable. By expending $3300, the reasonable cost in January, 1959, of relocating the original pool, the plaintiffs could rectify the pool encroachment. With that encroachment eliminated, but with the driveway and garage encroachment uncorrected, their property was marketable at $29,500. By deducting the latter amount from $34,000, the value of both pieces of property, the remainder is $4500, the amount which the court awarded as general damages. The court added to this figure the $3300 cost of making the property marketable, which resulted in an award of total damages of $7800. The value of the plaintiffs' property, subject to all but the pool encroachment, was $29,500 less the $3300 required to remedy that encroachment, or $26,200. The difference between $34,000, the value of both parcels, and $26,200 represents the total amount of damages which the court awarded. We conclude that the court correctly ascertained the damages which the plaintiffs sustained as a result of the defendants' fraudulent nondisclosure.

There is no error.

In this opinion the other judges concurred.