## Danbury-Brewster Lumber Company, Inc. *v.* Frank Rotunda

### Appellate Division of the Circuit Court

File No. CV 3-692-9003

Argued November 3, 1969—decided January 29, 1971

*Andrew J. Broughel,* of Danbury, for the appellant (defendant).

*John Keogh, Jr.,* of Norwalk, for the appellee (plaintiff).

Chernauskas, J. This is an action to recover $1922.90, plus interest, for building materials sold and delivered to the defendant builder. The goods delivered by the plaintiff lumber company between October 2, 1961, and June 15, 1962, were valued at $2030.38, leaving a balance due of $1922.90 after a discount of $107.48 had been credited. The defendant filed an answer consisting of a general denial as well as a special defense which alleged in substance an agreement with the plaintiff whereby the defendant was to waive all builders' discounts with respect to future purchases from the plaintiff in consideration of the plaintiff's application of the discounts against the defendant's then existing debt. It was further alleged that the defendant did in fact make substantial purchases from the plaintiff for which

no discounts were received, and that the sum of the discounts to which the defendant was entitled now exceeded the original amount owed to the plaintiff.

In the special defense, it was admitted that on June 15, 1962, the defendant owed the plaintiff the approximate sum of $1922.90.

At the trial of this action, the defendant rested immediately after the conclusion of the plaintiff's testimony and offered no evidence at all, completely abandoning the prosecution of his general denial and special defense.

If a defendant has expressly denied an allegation of the complaint and then has set up a fact therein contained, in his defense, the allegation will be deemed to be admitted. *Hoard* v. *Sears Roebuck & Co.,* 122 Conn. 185, 192; see 1 Kaye & Moller, Conn. Practice § 118, pp. 179–80.

The plaintiff, having taken the position that the special defense admitted the balance alleged as due and owing as being the true amount, nevertheless proceeded in its proof of its allegations through the testimony of its president and manager. The offer of proof to the court was sufficient to establish the balance as being true, and this fact was found by the court. It is for the trial court to determine the quantum of evidence sufficient to establish a fact. *Barry* v. *Miller,* 104 Conn. 362, 365.

There is no error.

In this opinion DiCenzo and Jacobs, Js., concurred.