[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action to recover the balance claimed to be due on its contract for sheetrocking work performed for the defendant at a project known as Newfield Estates, in Stamford, Connecticut in 1986 and 1987. The defendant counterclaimed for the amounts which it claimed were expended to correct and complete plaintiff's work.
Based on a fair preponderance of the credible evidence, the court finds that the parties entered into a written contract dated April 2, 1986 wherein the plaintiff agreed to furnish all necessary labor, material and equipment to complete all sheetrock, taping and spackle at the luxury condominium project, which consisted of sixteen single units, including garages. The defendant agreed to pay the plaintiff the sum of $116,000.00. The contract called for monthly invoices by plaintiff as well as a ten percent retainage to be withheld until the entire job was completed. Several modifications and backcharge to the contract raised the contract price to $120,445.00. The plaintiff has been paid the sum of $83,560.00, leaving a balance due of $36,885.00 which includes retainage of $9,282.00.
The court further finds that the contract provided for a completion date of September 30, 1986 but building on the site did CT Page 2459 not actually begin until October or November, 1986. The plaintiff was first notified to start work on November 16, 1986. Because the site was not ready for the plaintiff, however, the sheetrocking work did not begin until December 13, 1986. The plaintiff's job was slowed because of water leaks, lack of heat and because, at times, the buildings were not ready for the sheetrocking. A portion of the drywall work was performed by the plaintiff in a timely and workmanlike manner. However, because there were problems, including irregularities in joints and excessive tape on surfaces, the work was not acceptable to the defendant. In addition, delays were caused by the failure of the plaintiff to provide adequate manpower on the site. The plaintiff responded to some demands for corrective work. The plaintiff dealt primarily with Herman May, a representative of the defendant, who did not testify at the trial. Much of the corrective work was not done satisfactorily in response to the requests of the defendant.
The defendant, through David Tiffany, its Project Manager, wrote to the plaintiff on numerous occasions, complaining of inadequate manpower, lack of quality workmanship, the need for remedial work and, finally, its intentions to exercise all its remedies under the contract. The defendant ultimately hired Contino Brothers to perform the corrective work which would be backcharged to the plaintiff.
During the period from May 22, 1987 to July 7, 1987, the defendant continued to notify the plaintiff of the quality problems with the original work and corrective work. The plaintiff failed to remedy the problems in a workmanlike manner and did not respond when defendant stated its intention to hire another contractor to perform the corrective work. On July 7, 1987, the defendant hired Contino Borthers to perform the remedial work. The work performed by Contino Brothers, on a time and materials basis, included sanding, taping, repairing and replacing inferior joints and sheetrock already in place. Because of the stage of the project, a high degree of care was required while performing the corrective work, resulting in additional time and expense. Contino brothers was paid the sum of $28,498. for the corrective work. Also expended was the sum of $4,632.07 in connection with that work. The total amount properly backcharged against the plaintiff was $33,130.07. By affidavit, fees incurred by the defendant in connection with defending this case amounted to $5,925.00.
The contract between the parties provided for various remedies on the part of the contractor to cure defects in workmanship or performance by the subcontractor (Paragraphs III, IV, VIII, XIII and XIX of the original contract), including the right to backcharge and to indemnity. CT Page 2460
The amount of $30,130.07 was reasonably expended to correct the unworkmanlike portions of plaintiff's work and was properly backcharged.
In a civil action, the party bringing the action has the burden of proof by a preponderance of the evidence, that is, the burden of inducing in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact or issue in dispute is true. Cruz v. Drezek, 175 Conn. 230 (1978). The plaintiff has the burden of proof on the complaint and the defendant, on the counterclaim which sounds in negligence as well as breach of contract.
Upon entering into the contract, the plaintiff subcontractor impliedly agreed that in performing its work as drywall-installer, it would exercise that degree of skill possessed by one of ordinary skill, competency and standing in the business of its work. Sasso v. Ayotte, 155 Conn. 525 (1967); Strickland v. Perruccio, 5 Conn. Cir. 142 (1968). The contract between the parties is clear and unambiguous as to the right of the defendant to spend money to remedy any deficiencies on the part of the subcontractor in the event that the subcontractors fails to perform satisfactorily the corrective work as well as to backcharge those expenses against any amounts owing to the subcontractor.
In this case, the plaintiff failed to establish the essential allegations of its cause of action under the contract by the requisite standard. Examination of the evidence presented at trial reveals that the plaintiff left the job with numerous deficiencies remaining in the condition of the drywall and taping. Despite numerous requests to remedy the situation, the plaintiff failed to do so adequately. The fact, apparently not seriously disputed, that plaintiff failed to provide adequate manpower on the job, and the failure of the plaintiff to respond to many of the complaints about its performance, together with the substantial payment to another contractor to correct the work is additional evidence supporting the conclusions as to the deficiencies in performance.
While the testimony offered by the defendant was somewhat lacking in specificity about the particular deficiencies in each unit, on the whole, the evidence was adequate to convince the court that plaintiff's work was unworkmanlike and unsatisfactory under the contract in the respects claimed. The testimony of defendant's witnesses, Rick Contino and David Tiffany, was sufficient to establish the unworkmanlike performance, failure to complete the contract and damages caused thereby, and did not require additional expert testimony, given the nature of the circumstances and subject matter. Franchey v. Hannes, 155 Conn. 663, CT Page 2461 666 (1967).
The amounts expended by the defendant, with adequate and timely notice of the intention to proceed in that manner, resulting in no response from plaintiff, were reasonable and properly attributable to plaintiff's inadequate performance in the respects claimed.
The plaintiff, accordingly, failed to establish its right to collect the balance due under the contract with the exception of the sum of $3,754.93 which is due and owing to the plaintiff after appropriate backcharges. The defendant did establish its right to backcharge the amount of $33,130.07 against the amount owing to plaintiff, $36,885.00. The court construes defendant's counterclaim as alleging both contract and negligence theories. Although those theories were never caused to be separated by the appropriate motion, the defendant may proceed on either or both. The court considers that the breach of contract action was established. Alternatively, the evidence of unworkmanlike performance, as supported by the testimony of defendant's witnesses, Contino and Tiffany, was adequate to support the cause of action for negligence. Hedderman v. Robert Hall of Waterbury, Inc., 145 Conn. 410, (1958); Strickland v. Perruccio, supra; Johnson v. Flammia, 169 Conn. 491 (1975).
As defendant has established its cause of action, defendant is properly entitled to backcharge the amount of $33,130.07 against the contract price remaining owing, $36,855.00. As to the issue of attorney's fees claimed under the indemnity language of Paragraph VIII of the contract, the evidence presented did not persuade the court that the language of that provision applies to this situation involving a dispute on the balance due under the contract between contractor and subcontractor nor that the fees, submitted by affidavit, reasonably related to matters dealt with in Paragraph VIII.
In view of the ambiguity and uncertainty of the provision as applying to these circumstances, and the evidence presented, the court concludes that the defendant is not entitled to collect attorney's fees, in derogation of the normal rule. State v. Bloomfield Construction Co., Inc., 126 Conn. 349, 359 (1940).
Accordingly, judgment is entered on the complaint in favor of the plaintiff to recover the sum of $3,754.93 representing the amount owing after backcharging the sum of $33,130.07 against the contract price, to which defendant is entitled. Judgment is entered in favor of the defendant on the counterclaim entitling defendant to the foregoing backcharge.
BARRY R. SCHALLER CT Page 2462 Judge