ROBERT ESPOSITO *v.* MARTIN SCHIFF, JR., ET AL.
(13408)

FOTI, LAVERY and SPEAR, Js.

Argued April 21—decision released August 15, 1995

*Jonathan J. Einhorn,* for the appellant (plaintiff).

*Stuart M. Ketaineck,* for the appellee (named defendant).

LAVERY, J. The plaintiff appeals in this medical malpractice action from the judgment for the defendant, Martin Schiff, Jr.,[1] after a jury trial. The plaintiff claims that the trial court was incorrect in precluding the jury from considering the allegation of negligence that the defendant failed to inform the plaintiff that he did not remove all of the kidney stones. We affirm the judgment of the trial court.

The facts pertinent to this appeal that are not disputed are as follows. On July 8, 1986, the defendant, a surgeon, operated on the plaintiff and removed three kidney stones and left five kidney stones. The plaintiff brought this medical malpractice action against the defendant and made the following claims of negligence in paragraph 11 (f) of his complaint: The defendant was careless and negligent in his treatment of the plaintiff in one or more of the following respects: (1) in removing only three of the eight identified pelvic stones; (2) in failing to employ sophisticated new and available techniques to secure the remaining stones; (3) in failing to repair fully the uretopelvic junction; and (4) in failing to inform the plaintiff that he did not secure and remove all of the stones.

The third of those claims was withdrawn prior to trial, and the trial court instructed the jury not to consider the fourth. As to the remaining claims of malpractice, the jury found for the defendant. The plaintiff and the defendant agreed that there was conflicting testimony, by the plaintiff that he was not informed, and by the defendant that he did inform the plaintiff, that all of the kidney stones were not removed. The plaintiff and the defendant agreed that each of their experts testified that it would have been malpractice and a violation of the appropriate standard of care for the

---

[1] The case was withdrawn as to the defendant Yale-New Haven Hospital prior to trial. In this opinion, we refer to Schiff as the defendant.

defendant to have failed to notify the plaintiff that all of the kidney stones were not removed. The defendant testified to his extreme distress and anxiety when he learned that contrary to his belief, the stones had not been removed.

The plaintiff's sole issue briefed on appeal is that the court directed the jury not to consider the allegation of failure to inform because the court found that there was insufficient evidence of an injury, i.e., emotional distress. The defendant on the other hand claims that one of the reasons that the trial judge directed the jury not to consider the allegation of failure to inform was that the court found that there was no evidence of proximate cause between the alleged negligence of failure to inform and the alleged injury of distress. The trial court said, "I don't see in the record the evidence of injury that flowed from a failure to tell of the stones."

The plaintiff in his brief has failed to comply with the requirements of Practice Book § 4065 (c),[2] which requires that the brief shall recite evidence in narrative form with appropriate references to the page or pages of the transcript. There are no references to any transcripts in the plaintiff's statements of facts. The only transcripts filed in his appeal are the plaintiff's testimony, the charging conference, the jury charge and the argument on the motion to set aside the verdict.

Even with the sparse record, we will do a limited review based on the reason the trial judge gave for

---

[2] Subsection (c) of Practice Book § 4065 provides: "A statement of the nature of the proceedings and of the facts of the case. The statement of facts shall be in narrative form, and shall be supported by appropriate references to the page or pages of the transcript or to the document upon which the party relies. The statement of facts should not be detailed or voluminous but must be confined strictly to facts bearing upon the questions raised. An appellant may not rely upon any fact unless it is set forth in the statement of facts required by this subsection or is incorporated into the brief of the appellant in accordance with subsection (d) hereof."

instructing the jury not to consider the allegation of failure to inform.

Our Supreme Court has interpreted the word "flow" to mean proximate cause on numerous occasions. *Fair* v. *People's Savings Bank*, 207 Conn. 535, 545, 542 A.2d 1118 (1988); *Aspiazu* v. *Orgera*, 205 Conn. 623, 630, 535 A.2d 338 (1987); *Kilduff* v. *Kalinowski*, 136 Conn. 405, 408, 71 A.2d 593 (1950); *Stulginski* v. *Waterbury Rolling Mills Co.*, 124 Conn. 355, 361, 199 A. 653 (1938). A common sense interpretation of the trial court's remarks draws us to the conclusion that its use of the word flow means proximate cause. The trial court stated, "Okay. So then the only question seems to me, the real questions in terms of dealing with it is whether or not paragraph 11D in failing to inform the plaintiff that he did not secure or remove all the stones gets charged out as an allegation of negligence on the basis of whether or not there has been any proof of any injury which *flows* from that negligence, assuming even if it was negligence because negligence alone doesn't go to the jury; you have to have negligence plus injury to get to the jury." (Emphasis added.)

This case is similar to the medical malpractice case of *LaBieniec* v. *Baker*, 11 Conn. App. 199, 205, 526 A.2d 1341 (1987), where we upheld a directed verdict for the defendants on a claim of emotional distress because the plaintiff failed to submit sufficient evidence of proximate cause. In *LaBieniec*, the plaintiff argued that a delay in the diagnosis of cancer caused him to suffer emotional distress. We found, however, that the "only evidence that the *delay and not the cancer* was the cause of the emotional distress was testimony by the plaintiff." (Emphasis in original.) Id. We further stated: "A claim of physical suffering can go to the jury only if the plaintiff produces sufficient evidence of the suffering and that the malpractice, within reasonable medical probability, was more likely than not the cause

of the physical suffering. The same holds true for an emotional distress claim; a plaintiff must provide sufficient evidence of the distress and that the malpractice, within reasonable medical probability, was more likely than not the cause of the distress. In this case, the plaintiff did not provide causation. The jury therefore could not have found for him on this claim and it was proper for the trial court to direct a verdict. No matter how negligent a party may be, if his act bears no causal relation to the injury, it is not actionable. *Kirby* v. *Spivey*, 167 Ga. App. 751, 756, 307 S.E.2d 538 (1983). Since the plaintiff failed to establish the existence of emotional distress caused by the delay rather than by the disease, the trial court did not err in directing a verdict of the emotional distress claim." Id., 206.

In *Shegog* v. *Zabrecky*, 36 Conn. App. 737, 746–47, 654 A.2d 771 (1995), we set out three exceptions to the general rule with regard to expert medical opinion evidence on causation in a medical malpractice case. "An exception to the general rule with regard to expert medical opinion evidence is when the medical condition is obvious or common in everyday life. *State* v. *Orsini*, 155 Conn. 367, 372, 232 A.2d 907 (1967); see also *Parker* v. *Supermarkets General Corp.*, 36 Conn. App. 647, 652 A.2d 1047 (1995). Similarly, expert opinion may not be necessary as to causation of an injury or illness if the plaintiff's evidence creates a probability so strong that a lay jury can form a reasonable belief. *Gannon* v. *Kresge Co.*, 114 Conn. 36, 38, 157 A. 541 (1931). Expert opinion may also be excused in those cases where the professional negligence is so gross as to be clear even to a lay person. *Puro* v. *Henry*, 188 Conn. 301, 305, 449 A.2d 176 (1982); *Slimak* v. *Foster*, 106 Conn. 366, 370, 138 A. 153 (1927)." Id., 746–47.

The plaintiff has not provided this court with a record of any evidence of proximate cause on this issue to contradict the trial court's ruling. It is the duty of

the appellant to provide an adequate record. Practice Book § 4061 provides in pertinent part: "The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law." We will not presume error and it is textbook law that a trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied his burden demonstrating the contrary. *Brookfield* v. *Candlewood Shores Estates, Inc.*, 201 Conn. 1, 7, 513 A.2d 1218 (1986).

The plaintiff has failed to carry his burden of proof of causation.

The judgment is affirmed.

In this opinion the other judges concurred.