[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#126) MOTION FOR SUMMARY JUDGMENT (#130)
The revised complaint alleges the following facts. The plaintiff, Marsha Gordon, was terminated from her employment following her return to work from an injury. The plaintiff brought suit against the defendants, MacEllis Glass, M.D., Herbert Hermele, M.D., Robert Stanton, M.D., and Orthopedic Specialty Group, P.C. The plaintiff sought and received treatment from the defendants for a work-related injury. The treatment from Hermele and Stanton deviated from the standard of care. Additionally, the treatment received from Glass fell below the standard CT Page 9414 of care because Glass cleared the plaintiff to return to work without full and proper assessment of her injuries. As a result of her clearance for work, the plaintiff returned to work prematurely, exacerbated her injuries and was terminated when she could not perform her job.
The defendants, in two separate motions; # 126 and # 130, move for summary judgment. The defendants have filed memoranda in support of their motions, together with deposition testimony. The plaintiff has filed one memorandum in opposition to both motions, together with affidavits from the plaintiff and her expert, Arthur Taub. The defendants have submitted reply memoranda.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000).
The defendants argue that the plaintiff cannot establish a causal connection between the alleged medical malpractice and the plaintiff's injuries because such a connection must be established through expert medical testimony. The defendants further argue that the plaintiff's expert, Arthur Taub, has stated in his deposition that he cannot testify that the defendants' negligence caused the plaintiff to be terminated from her employment. In response, the plaintiff argues that expert medical testimony is not necessary when the medical condition is obvious. In the alternative, the plaintiff argues that she is able to testify to causation herself because of her medical training as a psychiatric nurse. The plaintiff further argues that her own affidavit regarding causation is sufficient to create a genuine issue of material fact as to causation.
"Except in the unusual case where the want of care or skill is so gross that it presents an almost conclusive inference of want of care . . . the testimony of an expert witness is necessary to establish both the standard of proper professional skill or care on the part of a physician . . . and that the defendant failed to conform to that standard of care." (Citations omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 1687, ___ A.2d ___ (2000). "In Connecticut, both [the] breach of the standard of care and the proximate cause must be CT Page 9415 proved by expert testimony. . . ." (Internal quotation marks omitted.)Vinchiarello v. Kathuria, 18 Conn. App. 377, 381, 558 A.2d 262 (1989).
There are three exceptions to this general rule. See Esposito v.Schiff, 38 Conn. App. 726, 730, 662 A.2d 1337 (1995). "An exception to the general rule with regard to expert medical opinion evidence is when the medical condition is obvious or common in everyday life. . . . Similarly, expert opinion may not be necessary as to causation of an injury or illness if the plaintiff's evidence creates a probability so strong that a lay jury can form a p reasonable belief . . . Expert opinion may also be excused in those cases where the professional negligence is so gross as to be clear even to a lay person." (Citations omitted; internal quotation marks omitted.) Id., 730.
In the present case, the plaintiff claims that the defendants prematurely allowed her to return to work, which in turn exacerbated her cervical spine injuries.[1] An alleged premature return to work exacerbating cervical spine injuries is not an obvious medical condition. Nor is a premature work release or failure to order "imaging studies" negligence so gross as to be clear to even a lay person. Therefore, the only possible exception would be if the plaintiff's evidence creates a probability so strong that a jury could form a reasonable belief. In support of her opposition to the motions for summary judgment, the plaintiff offers her own affidavit and the affidavit of her medical expert, Taub. Neither of these affidavits state any factual evidence that the defendants' premature authorization for the plaintiff to return to work caused her employer to terminate her. Taub has stated throughout his deposition and in his affidavit that he cannot testify that the defendants' malpractice caused the plaintiff's termination. The plaintiff's affidavit states: "I believe that the primary reason for my job loss was my inability to . . . perform the physical tasks expected [of me]. . . . I was unable to meet these obligations because my injuries had not been properly diagnosed . . . and because I was returned to work prematurely, in an injured condition . . . ." (Pl. Memo. Opp. Summ. J., Ex. A, Affidavit of Gordon, § 24.) The mere opinion of the plaintiff as to the cause of her termination is not evidence that is so strong that a jury could form a reasonable belief as to causation without expert medical testimony.
The defendants are entitled to summary judgment because the plaintiff has failed to demonstrate that the defendants' negligence caused her eventual termination. Therefore, the court grants the defendants' motion for summary judgment.
BY THE COURT, CT Page 9416
JOHN W. MORAN, JUDGE