******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## LA TANYA AUTRY *v.* BRENDAN HOSEY ET AL.
### (AC 42869)

Lavine, Prescott and Moll, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants, H and city of New Haven, for injuries she sustained when she was struck by a police cruiser driven by H while she was a pedestrian crossing a city street. Following a bench trial, the trial court found in favor of the plaintiff and awarded her economic and noneconomic damages. In calculating the noneconomic damages, the trial court found that the emotional trauma suffered by pedestrians struck by vehicles is "generally greater" than that suffered by the occupants of a motor vehicle involved in an accident. On the defendants' appeal to this court, *held* that the trial court's factual finding that pedestrians struck by motor vehicles suffer greater emotional trauma than occupants of a motor vehicle involved in an accident was clearly erroneous; there was no evidence in the record to support the court's finding and it was not a matter of common knowledge but, rather, a determination subject to verification by medical science and, in light of the weight given by the court to this finding in reaching its award of noneconomic damages and the lack of subjective complaints from the plaintiff regarding any emotional trauma she suffered, the judgment with respect to the award of noneconomic damages was reversed and the matter was remanded for a new hearing in damages.

Argued June 29—officially released October 13, 2020

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the named defendant's alleged negligence, brought to the Superior Court in the judicial district of New Haven and tried to the court, *Abrams, J.*; judgment for the plaintiff, from which the defendants appealed to this court. *Reversed in part*; *further proceedings*.

*Audrey C. Kramer*, assistant corporation counsel, for the appellants (defendants).

*Stephen R. Bellis*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. The defendants, Brendan Hosey and the city of New Haven, appeal from the judgment of the trial court rendered, following a trial to the court, in favor of the plaintiff, La Tanya Autry. The plaintiff brought the underlying negligence action against the defendants seeking compensation for damages that she sustained when she was struck by Hosey's police cruiser while she was a pedestrian crossing a city street. On appeal, the defendants claim that the trial court, in its order, improperly calculated noneconomic damages for emotional trauma because the court lacked the necessary evidence to find that pedestrians suffer greater emotional trauma when struck by a vehicle than occupants of a vehicle. We agree with the defendants and, accordingly, reverse in part the judgment of the court and remand the matter for a new hearing in damages.

The court set forth the following facts and procedural history in its memorandum of decision. "A short time after 1 p.m. on October 20, 2015, the plaintiff was waiting on the northwest corner of the intersection of Chapel Street and High Street in New Haven. She had just begun her lunch break from her job at the Yale Art Gallery and was planning to head to Atticus Books, which is located on the south side of Chapel Street. At the same time, the defendant police officer's cruiser was stopped on High Street facing northbound, waiting for the [traffic] light to change so that he could turn left onto Chapel Street, which runs one-way westbound in that area. The day was bright, with the sun behind the defendant's back as he waited for the [traffic] light. The area of Chapel Street where the accident took place was in the shade, the sun being blocked by the building on the southwest corner of the intersection.

"When the [traffic] light changed, the plaintiff began her southbound cross of Chapel Street about a foot west of the marked crosswalk. At the same time, the defendant began to turn left into the southern lane of Chapel Street. The plaintiff 'cut the corner' as she crossed Chapel Street, so that she was approximately five feet west of the crosswalk when she was struck by the defendant's police cruiser. The impact propelled the plaintiff a foot or two from the point of impact. She was taken by ambulance from the scene and suffered pain to her entire body for a few days after the accident. She suffered ongoing neck and back pain for . . . approximately a year after the accident, but seems to have generally recovered from any accident-related injuries.

"Based on the plaintiff's testimony and the medical records admitted into evidence, the court is satisfied that the [cost of the] plaintiff's course of treatment which totaled $5738 was reasonable under the circumstances. In addition, the court finds that the evidence

supports a finding that the plaintiff missed time from work for a short period of time, suffering lost wages in the amount of $626.01.

"The plaintiff and the defendant both provided entirely credible testimony, each appearing to accept the fact that they bore some level of responsibility for the accident. At the time of the accident, the plaintiff was clearly outside the crosswalk by a relatively significant distance and she should have realized that she was in an area with significant vehicular traffic, particularly at that time of day. The defendant, on the other hand, was turning from a sunny area into a shady area, which he should have recognized would diminish his ability to see clearly. In addition, he was operating his vehicle at a place and time where he should have expected significant pedestrian traffic. Based on the foregoing, the court assesses 65 percent of the liability for the accident to the defendant and 35 percent to the plaintiff.

"The court awards the full amount of $6364.83 in economic damages . . . . As relates to the plaintiff's noneconomic damages, while evidence supports the contention that the plaintiff has essentially returned to her pre-accident level of functioning about a year after the accident, her claims of pain during that period were entirely credible. *Perhaps more importantly, the court is of the opinion that the emotional trauma suffered by pedestrians struck by vehicles is generally greater than that suffered by persons involved in auto accidents as drivers or passengers and factors that into its noneconomic damages award of $30,000.*" (Emphasis added.) This appeal followed. Additional facts will be set forth as necessary.

On appeal, the defendants claim that the court improperly premised its award of noneconomic damages on the clearly erroneous factual finding that pedestrians suffer greater emotional trauma than the occupants of a vehicle involved in a motor vehicle accident, when there was no evidence in the record to support that finding.[1] We agree.

We first set forth our standard of review. "On appeal, the function of this court is limited solely to the determination of whether the factual findings of the trial court are clearly erroneous or whether the decision is otherwise erroneous in law." (Internal quotation marks omitted.) *Baretta* v. *T & T Structural, Inc.*, 42 Conn. App. 522, 525, 681 A.2d 359 (1996). "The determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous." (Internal quotation marks omitted.) *Commerce Park Associates, LLC* v. *Robbins*, 193 Conn. App. 697, 735, 220 A.3d 86 (2019), cert. denied sub nom. *Robbins Eye Center, P.C.* v. *Commerce Park Associates, LLC*, 334 Conn. 912, 221 A.3d 447 (2020), and cert. denied sub nom. *Robbins Eye Center, P.C.* v. *Commerce Park Associates, LLC*, 334 Conn. 912, 221 A.3d 447 (2020). "A finding of fact is

clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 142, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006).

At trial, the plaintiff offered evidence that, immediately after being struck by Hosey's police cruiser, she was stunned, lay on the ground crying, and experienced intense pain throughout her body. Additionally, for several months following the accident, she experienced pain in her back and left knee. The court stated that it found the plaintiff's claims of pain to be credible. It further stated that "[p]*erhaps more importantly . . .* the emotional trauma suffered by pedestrians struck by vehicles is generally greater than that suffered by persons involved in auto accidents as drivers or passengers . . . ." (Emphasis added.) A careful review of the record and transcripts reveals that this factual statement, which explicitly provided an important basis for the court's award of $30,000 in noneconomic damages, is not supported by any evidence presented to the court.

Contrary to the plaintiff's argument, the trial court's statement is not a matter of common knowledge. See *Commissioner of Transportation* v. *Bakery Place Ltd. Partnership*, 83 Conn. App. 343, 348, 849 A.2d 896 (2004) ("[f]acts which are of common knowledge, that is, facts so well known that evidence to prove them is unnecessary are proper subjects of judicial notice" (internal quotation marks omitted)); see also *State* v. *Tomanelli*, 153 Conn. 365, 368, 216 A.2d 625 (1966) ("proof by evidence concerning a proposition may be dispensed with where the court is justified, by general considerations, in declaring the truth of the proposition without requiring evidence from the party"). Indeed, whether a pedestrian who is struck by a motor vehicle generally suffers greater emotional trauma than a driver or passenger of a vehicle that is struck, is something that would not be "within the knowledge of people generally in the ordinary course of human experience" and is subject to reasonable dispute. Conn. Code Evid. § 2.1 (c) (1) and commentary. To illustrate, consider a hypothetical scenario in which an individual in a car is unexpectedly hit by a police cruiser and suffers physical injuries identical to the plaintiff in this case. To determine whether that individual necessarily would experience less emotional trauma than the plaintiff would require a level of psychological acumen that, in our view, is not a matter of common knowledge.

In addition, although expert testimony generally is not required to prevail on a claim for mental suffering; see *Iino* v. *Spalter*, 192 Conn. App. 421, 477–78, 218 A.3d 152 (2019); our Supreme Court has recognized that

"[m]edical science has unquestionably become sophisticated enough to provide reliable and accurate evidence on the *causes* of mental trauma." (Emphasis added; internal quotation marks omitted.) *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 27, 727 A.2d 204 (1999); see id., 31 (concluding that "mental suffering, even if unaccompanied by physical trauma to the body, constitutes an injury to the person under [General Statutes] § 52-584"). Here, the trial court based its award of noneconomic damages on its unsubstantiated opinion that one category of automobile related accidents causes a greater amount of emotional trauma than another. Such a determination, which is subject to verification by medical science, is beyond the field of the ordinary knowledge of a trial judge. See *Franchey* v. *Hannes*, 155 Conn. 663, 666, 237 A.2d 364 (1967) ("[t]he rule requiring expert testimony . . . applies when the question involved goes beyond the field of the ordinary knowledge and experience of a trial judge"); *Sickmund* v. *Connecticut Co.*, 122 Conn. 375, 379, 189 A. 876 (1937) (generally, "[t]he effects upon the human system of diseases or injuries . . . are not within the sphere of common knowledge" (internal quotation marks omitted)).

Because there was no evidence before the trial court to support its factual finding regarding the "generally greater" emotional trauma suffered by pedestrians who are injured by a motor vehicle, and, as we have discussed, that fact is not a matter of common knowledge, the finding is clearly erroneous. We now turn to the issue of whether this improper factual finding warrants reversal as to the award of noneconomic damages.

"[W]here . . . some of the facts found [by the trial court] are clearly erroneous and others are supported by the evidence, we must examine the clearly erroneous findings to see whether they were harmless, not only in isolation, but also taken as a whole. . . . If, when taken as a whole, they undermine appellate confidence in the court's [fact-finding] process, a new hearing is required." (Internal quotation marks omitted.) *Osborn* v. *Waterbury*, 197 Conn. App. 476, 485, 232 A.3d 134 (2020). It is true that "[a] plaintiff may recover damages in a personal injury action for pain and suffering even when such pain and suffering is evidenced exclusively by the plaintiff's subjective complaints." (Internal quotation marks omitted.) *Iino* v. *Spalter*, supra, 192 Conn. App. 477–78. Here, however, the plaintiff's subjective complaints of pain and suffering exclusively pertained to the physical injuries she sustained as a result of the collision. She did not complain or otherwise indicate that she had experienced mental suffering, for instance, by way of losing sleep, experiencing anxiety, or going to see a therapist. Therefore, and in light of the trial court's explicit indication of the importance of its opinion regarding the "generally greater" emotional trauma suffered by pedestrians, we cannot conclude that the

error was harmless.

The judgment is reversed only as to the award of noneconomic damages and the case is remanded for a hearing in damages consistent with this opinion; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The defendants also claim that the plaintiff failed to plead in her complaint that she suffered emotional trauma. This argument, however, lacks merit because the plaintiff alleged that as a result of the incident, she endured pain and suffering. Emotional trauma is part of pain and suffering. See General Statutes § 52-572h (a) (2) ("'noneconomic damages' means compensation determined by the trier of fact for all nonpecuniary losses including; but not limited to, physical pain and suffering and mental and emotional suffering").